BERTHA R. CUSTEN, Respondent, v. LOUIS ROBISON and Others, Individually and as Copartners Doing Business under the Firm Name and Style of G. ROBISON & SON, Appellants.

First Department, December 7, 1917.

Contract — action for breach of contract by defendants to deliver yarn to plaintiff to be manufactured into bobbins for defendants — evidence establishing prima facie case — rescission by mutual agreement — breach by defendants is notice of their intention not to extend contract.

Where in an action to recover damages for the breach of a contract whereby defendants agreed to deliver yarn to plaintiff to be manufactured into bobbins for the defendants, the plaintiff alleged that she manufactured and delivered the yarn furnished to her by the defendants, and the reason that she did not manufacture and deliver the number of bobbins specified in the contract was that she was prevented therefrom by the failure of the defendants to deliver that quantity of yarn to her, and contended that defects in the bobbins claimed by the defendants to exist were occasioned by the character or quality of the yarn and not by any want of care or skill in the manufacture, said plaintiff, when she proved the making of the contract and the performance thereof by her in winding and delivering the quantity of bobbins that were called for, except in so far as she was prevented by the defendants' act, and proved defendants' breach, established all that was necessary to make out her *prima facie* case.

*Held*, that the verdict on the question of rescission of the contract by mutual agreement cannot be said to be against the weight of the evidence.

Although the contract provided that it should be considered renewed for another year from the time it expired, unless either party gave notice to the other in writing that they did not intend to renew, it was error for the court to hold that by reason of the failure of the defendants to give said notice in writing the contract was extended, as the defendants by their breach of the contract refused to perform, thereby giving the plaintiff notice that they did not intend to extend it. Hence, the amount of damages assessed by the jury for the additional year should be deducted.

APPEAL by the defendants, Louis Robison and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of December, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of November, 1916, denying defendants' motion for a new trial made upon the minutes, and also from a second order entered in said clerk's office on the same day granting plaintiff an extra allowance.

*Eugene Cohn,* for the appellants.

*Samuel Meyers,* for the respondent.

PAGE, J.:

The action was brought to recover damages for breach of a contract whereby defendants agreed to deliver yarns to plaintiff to be manufactured into bobbins for the defendants. The contract is in writing. There are three contentions on behalf of the appellants that are raised upon this appeal: *First,* that the plaintiff having pleaded that she had duly and fully performed all the terms and conditions of the agreement on her part to be performed, except as hindered and prevented from so doing by reason of the fact that the defendants had not delivered at different times between the date of making the contract and the first day of November the full amount of cotton yarn called for by the contract; *second,* that the contract was rescinded by mutual consent on or about the 1st day of November, 1915; *third,* that the plaintiff has been allowed to recover for one year in excess of the terms of the contract. As to the appellants' first contention: The contract provided that the defendants would deliver to the plaintiff 500 pounds of cotton yarn to be manufactured or wound into bobbins, and when the plaintiff had so increased her plant as to be able to manufacture 1,500 pounds of bobbins the defendants would so furnish the plaintiff at least 1,500 pounds of cotton yarn per week, which the plaintiff agreed to manufacture into bobbins, and to deliver at least 500 or 1,500 pounds of them, ready wound, per week, as the case might be. Under

this contract the first act was to be done by the defendants; they were to furnish the yarn to be manufactured into bobbins according to certain sample. The obligation was upon the defendants to furnish yarn of the character and quality that when properly wound would produce that result. Plaintiff, on her part, agreed to wind the yarn into bobbins and return the same. For any defects traceable to the quality of the yarn she was not responsible. By the complaint she alleged that she manufactured and delivered the yarn furnished to her by the defendants and the reason that she did not manufacture and deliver the number of bobbins that were specified in the contract was that she was prevented therefrom by the failure of the defendants to deliver that quantity of yarn to her. She proved the performance by her of all the conditions on her part to be performed, except as prevented by the failure of the defendants to furnish her with a sufficient quantity of yarn to supply the contract stipulation as to the amount to be manufactured and delivered weekly. The defendants claim that defects existed in the bobbins in that in some the ends of the yarn did not extend from the bobbin; in others, that the ends of the yarn were extended too far, which caused the yarn to snarl when placed in boxes. The plaintiff contended that these defects were occasioned by the character or quality of the yarn and not by any want of care or skill in the manufacture. Testimony was given tending to sustain this contention. Upon this evidence it then became a question of fact to be determined by the jury. In finding for the plaintiff the issue was determined in the plaintiff's favor, and, therefore, we have a finding of fact that the defects were traceable to the character or quality of the yarn furnished and not by reason of manufacture. Therefore, the plaintiff did prove due performance on her part of the conditions and covenants of the agreement. I further think that the charge of the judge was correct; that in the first instance it was not necessary for her to prove that she had performed all the conditions of the contract because the action was not for an enforcement of the contract but for a breach thereof. It certainly could not be contended that in the first instance plaintiff must prove that each and every bobbin manufactured by her corresponded to the sample. When she proved the

making of the contract and the performance thereof by her in winding and delivering the quantity of bobbins that were called for, except in so far as she was prevented by the defendants' act, and proved defendants' breach, she had established all that was necessary to make out her *prima facie* case. There was no other condition precedent that was necessary for her to prove.

*Second.* The question of the rescission of the contract by mutual agreement rested upon conflicting evidence and was properly a question of fact for the jury and was so submitted to them by the judge with a correct charge. The verdict cannot be said to be on this question against the weight of the evidence. *Third.* The court did err, however, in stating that this contract was for a term of two and one-half years. The contract provided that it was to commence April 1, 1915, and continue for one and one-half years and should be considered renewed for another year from the time that it expires, unless either party gave notice to the other party, in writing, at least two weeks before the expiration of the contract that they intended not to renew it. The court held that by reason of the failure of the defendants to give this notice in writing, the contract was automatically by its terms extended for the additional year. The defendants, however, breached the contract November 1, 1915, and refused to go forward with its performance, thereby giving the plaintiff notice, not alone that they did not intend to extend it, but they did not intend to perform it until its expiration. Therefore, the amount of damages assessed by the jury for the last twelve months must be deducted. The court charged the jury that if the entire amount of yarn had been delivered to the plaintiff she would have received for the entire period 161,209 pounds; that the plaintiff's experts claimed that the net profit of manufacture on the lowest grade of yarn was ten cents per pound; that defendants' experts testified that it was from two cents to four cents a pound. The jury evidently adopted four cents per pound as the measure of damages, or, multiplying 161,209 pounds by four cents, gives $6,448.36, and the verdict returned was for $6,416.50 or only $31.86 less, which is probably attributable to an error in calculation.

Therefore, the judgment and order should be reversed and a new trial ordered, with costs to appellants to abide the event, unless the plaintiff stipulate to reduce the verdict by the sum of $3,120, being the amount of 1,500 pounds of yarn for fifty-two weeks at four cents per pound; in which event the judgment as so modified and the order appealed from are affirmed, without costs.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event, unless plaintiff stipulate to reduce the verdict as stated in opinion; in which event the judgment as so modified and the order appealed from are affirmed, without costs. Order to be settled on notice.