HASBROUCK FLOORING COMPANY, Appellant, *v.* UNITED CORK COMPANIES, Respondent.

First Department, January 10, 1919.

Contract — action for breach of contract by defendant appointing plaintiff its sole agent for distribution and sale of cork tiling — evidence — termination of contract — sufficiency of notice by defendant to plaintiff — acquiescence by plaintiff in notice by dealing with new company as successor of defendant — failure of defendant to manufacture and deliver tiling of specified quality — delay in furnishing material — failure and refusal of defendant to accept return of waste material — forwarding of tiling containing pieces of iron which damaged plaintiff's machinery — damages for services rendered and moneys disbursed for defendant.

A complaint contained six counts: *First*, for damages consisting of loss of profits owing to termination of contract by defendant; *second*, for breach of contract through defendant's failure to manufacture and deliver cork tiling; *third*, for defendant's delay in furnishing material; *fourth*, for failure and refusal of defendant to accept return of waste material; *fifth*, for an indebtedness for goods returned, materials furnished, services rendered and money expended for defendant on the contract, and *sixth*, for services rendered and moneys disbursed for defendant in defending infringement actions against the plaintiff and others. It appeared that on the 9th day of September, 1916, the defendant notified plaintiff that the agreement by which it had appointed the plaintiff its sole agent for the distribution and sale of cork tiling was at an end and that it refused to be bound longer thereby; that prior to the 16th day of September, 1915, the plaintiff's president had been informed by the defendant that it contemplated the separation of its cork tiling business from its other business by the formation of a corporation to handle the tiling business and on said last-mentioned date plaintiff was notified by it in writing that a corporation for that purpose had been formed and plaintiff interposed no objection; that on the first of December thereafter the new corporation formally notified plaintiff in writing of its organization for the purpose of conducting the cork tiling business and

the plaintiff, although it did not enter into any formal contract with the new company continued to place orders with it and became largely indebted to it, but thereafter contended that its contract with the defendant was still in force and took the position that the new company was the agent or a subsidiary of the defendant.

*Held,* that the first count was properly dismissed on the ground (1) that there was a substantial compliance by the defendant with the provisions of the contract requiring a notice of ninety days before the first of January to prevent the renewal of the contract, and (2) that the plaintiff acquiesced in the notice as sufficient and dealt with the new company as the successor of the defendant.

The second count was properly dismissed for there was no evidence that the cork tiling delivered did not conform to the standard specified in the agreement, inasmuch as the quality called for by the standard was not shown.

Since there was no evidence that the services rendered or expenses incurred were authorized by the defendant, the sixth count was properly dismissed.

There being evidence with respect to the third count tending to show that the defendant unreasonably delayed delivering material, it was error for the court to exclude evidence to show expenses to which the plaintiff was thereby subjected.

With respect to the fourth count, the court erred in excluding evidence as to damages to which the plaintiff was subjected in disposing of sawdust through defendant's failure and refusal to accept the return thereof.

The court erred in excluding evidence with respect to the fifth count relating to the damages sustained by the plaintiff caused by defendant's forwarding cork tiling containing pieces of iron which damaged plaintiff's machinery.

The court also erred in dismissing part of the fifth count in relation to the cost of kiln drying cork which was delivered to the plaintiff wet and required drying before it could be used.

APPEAL by the plaintiff, Hasbrouck Flooring Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of April, 1918, upon the verdict of a jury, certain causes of action having been dismissed by the court, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*George P. Breckenridge* of counsel [*Cabell & Breckenridge,* attorneys], for the appellant.

*Noah A. Stancliffe* of counsel [*Hardy, Stancliffe & Whitaker,* attorneys], for the respondent.

LAUGHLIN, J.:

The complaint contains six counts. The first count is for damages consisting of loss of profits owing to the termination of a contract on the 9th day of September, 1916, which it is alleged had been renewed for one year from the 1st day of January, 1916. The second count is for damages for breach of the contract through defendant's failure to manufacture and deliver cork tiling of the quality specified in the contract. The third is for damages owing to the defendant's delay in furnishing material under the contract. The fourth is for damages caused by the failure and refusal of the defendant to accept the return of waste material as provided in the contract. The fifth is on an indebtedness for goods returned, materials furnished, services rendered and money expended for defendant under the contract or in the execution thereof; and the sixth is for services rendered and moneys disbursed for defendant in defending infringement actions against the plaintiff and others. The court dismissed all of the counts excepting parts of the third and fifth, and submitted them to the jury and they rendered a verdict in favor of the defendant for twenty-four dollars.

The principal contention on the appeal is with respect to the dismissal of the first count, and although there must be a new trial for other reasons we deem it advisable to discuss this to the end that unless the evidence shall be different, the same disposition of this count may be made on the new trial.

The plaintiff alleges in the first count that the parties are domestic corporations and on the 27th day of April, 1911, entered into an agreement in writing by which the defendant appointed the plaintiff its sole agent for the State of New York for the distribution and sale of cork tiling, and that it was provided that the contract should remain in force until the 1st of January, 1912, and then be renewed from year to year unless canceled by either party by notice at least ninety days prior to the expiration of any year; that it entered upon the performance of the agreement and employed agents and servants and expended large sums for advertising with a view to obtaining orders for the cork tiling; that the agreement was renewed from year to year, but that on the

9th day of September, 1916, the defendant notified plaintiff that the agreement was at an end and refused to be bound longer thereby.

The uncontroverted evidence shows that prior to the 16th day of September, 1915, the plaintiff's president, Mr. Hasbrouck, had been informed by the defendant that it contemplated the separation of its cork tiling business from its other business by the formation of a corporation to handle the tiling business, and on said last-mentioned day the plaintiff was notified by it in writing that a corporation for that purpose *had been formed,* and Hasbrouck was invited to subscribe for part of the capital stock. Plaintiff interposed no objection to the formation of a new corporation to take over this branch of defendant's business. On the first of December thereafter the new corporation, the United Cork Flooring Company, formally notified the plaintiff in writing that it had been organized for the purpose of conducting the cork tiling business theretofore conducted by the defendant and that it had assumed and was prepared to continue plaintiff's agency agreement for the distribution of the tiling in the State of New York in accordance with the promise of Mr. Bose, who was treasurer of both companies, to Hasbrouck and invited a conference, and the next day the defendant wrote the plaintiff stating that as it had already advised plaintiff, defendant had beginning December first discontinued making said tiling and had turned over to the new company its rights in that respect, and directed that plaintiff present all its requests for deliveries direct to the new company, and suggested that it enter into a regular contract with that company along the lines of its original contract with defendant, and stated that in the transfer it had made to the new company it was provided that the plaintiff should be protected as to the selling arrangements it had with defendant. It further stated in that letter that settlement should be made with the defendant for all shipments made prior to December 1, 1915, and on and after that date with the new company, and complaint was made of plaintiff's delay in paying bills and of its failure to meet its notes given to defendant in settlement of accounts. The plaintiff did not enter into any formal contract with the new company, but

evidently acting on these suggestions it settled with the defendant for the business prior to December 1, 1916, and placed orders with the new company. On the 12th of January, 1916, the new company acknowledged by letter receipt from plaintiff of several orders and requested shipping dates, and specified the terms with respect to payments on which the shipments would be made and requested that plaintiff assign to it sufficient accounts to secure the notes which it was to receive from the plaintiff. To this the plaintiff replied on the twentieth of January stating that the arrangement suggested was satisfactory with the exception of the assignment of accounts to which it objected, and the next day by letter the new company waived that requirement. The plaintiff continued to place orders with the new company and became largely indebted to it. Some of the other officers of the new company were officers of the defendant. It appears that on the 5th of July, 1916, the plaintiff attempted to place a small order by telephone with the defendant for tiling, which it was evidently manufacturing for the new company, and it notified the plaintiff in writing that the new company declined to permit it to make the shipment and that plaintiff should take the matter up with the new company. The plaintiff replied to that letter on the eighth of July, stating that it believed that its contract with defendant was still in force, and demanded that defendant ship the material. The defendant answered referring to its prior advices to the plaintiff with respect to that branch of the business having been turned over to the new company. Mr. Bose at this time appears to have been in the hospital. There was then other correspondence between the parties in which the plaintiff took the position that the new company was the agent or a subsidiary company of the defendant, and defendant maintained, in effect, that it had no further contractual relations with the plaintiff, but was willing, if the plaintiff preferred, to endeavor to purchase material for it from the new company, provided plaintiff paid the amounts then owing to both companies. Finally, on the 9th of September, 1916, the defendant wrote the plaintiff complaining of efforts on its part to intimidate prospective customers of the new company and to prevent

their placing orders with it, and drew plaintiff's attention to the fact that defendant had notified it nearly a year before that it had decided to discontinue its former arrangements and agreements with the plaintiff, and stated that it again notified plaintiff that any and all former agreements between it and the plaintiff " have been and are cancelled," and requested plaintiff to act accordingly.

In these circumstances we are of opinion that the learned trial court was right in dismissing the first count on two grounds, *first*, that there was a substantial compliance by the plaintiff with the provisions of the contract requiring a notice of ninety days before the first of January to prevent the renewal of the contract (See *Custen* v. *Robison*, 180 App. Div. 384), and *secondly*, on the ground that the plaintiff acquiesced in the notice as sufficient and dealt with the new company as the successor of the defendant with respect to the contract.

The second count was also properly dismissed, for there was no evidence that the cork tiling delivered did not conform to the standard specified in the agreement, inasmuch as the quality called for by the standard was not shown. The court likewise properly dismissed the sixth count, for there was no evidence that the services rendered or expenses incurred were authorized by the defendant.

But with respect to the third, fourth and fifth counts we think the court committed errors requiring a reversal. With respect to the part of the third count dismissed there was evidence tending to show that the defendant unreasonably delayed delivering material and the court excluded evidence to show expenses to which the plaintiff was thereby subjected. With respect to the fourth count the court also erred in excluding evidence with respect to the damages to which the plaintiff was subjected in disposing of sawdust through defendant's failure and refusal to accept the return thereof in accordance with the contract. With respect to the fifth count the court also erred in excluding evidence relating to the damages sustained by the plaintiff caused by defendant's forwarding cork tiling containing pieces of iron which damaged the plaintiff's machinery. This item of damages was specified in an exhibit annexed to and made a part of the complaint.

The court also erred in dismissing part of the fifth count relating to the cost of kiln drying cork which was delivered to the plaintiff wet and required drying before it could be used.

These errors require that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, SMITH, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.