■ WILLIAM MISSERT, Appellant-Respondent, v ROCHESTER TECHNICAL GROUP, Respondent-Appellant. [678 NYS2d 189] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment. Plaintiff seeks damages for breach of a consulting agreement that required him, *inter alia,* to use his "best efforts" to promote defendant to the Gamma Institute, Vienna, Austria, for which defendant was obligated to pay plaintiff $3,000 per month. The initial term of the agreement was three years, and the agreement was automatically renewable for an additional three years unless either party notified the other in writing that the agreement would not be renewed. Plaintiff failed to meet his initial burden of establishing his entitlement to judgment as a matter of law because he did not demonstrate that he substantially performed his obligations under the contract (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Furthermore, defendant raised factual issues that would require a trial even if plaintiff had met his initial burden.

The court erred, however, in denying defendant's cross motion for partial summary judgment dismissing the claim for damages arising after the expiration of the initial three-year term of the agreement. Written notice that the agreement would not be renewed was excused by the fact that plaintiff had notice from defendant's refusal to pay him during the initial term and the failure of the settlement negotiations that defendant did not intend to extend the agreement (*see, Custen v Robison,* 180 App Div 384, 387). Thus, we modify the order by granting defendant's cross motion for partial summary judgment and dismissing the claim for damages arising after the expiration of the initial three-year term of the agreement.

(Appeals from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.