■ WIDEWATERS ROUTE 96 COMPANY, L. L. C., Respondent, v SUN COMPANY, INC. (R&M), Appellant. [700 NYS2d 331] —Order unanimously reversed on the law without costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Supreme Court erred in granting plaintiff's motion for summary judgment and in denying defendant's cross motion for summary judgment dismissing the complaint. Plaintiff commenced this lawsuit to recover rent allegedly due under a lease obligating defendant to construct a gasoline filling station and convenience store on land being developed by plaintiff. The lease establishes a "contingency period" for defendant to obtain required permits and a "construction period" to complete construction. Rent does not accrue under the lease until the expiration of the "construction period".

On its motion, plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law by proffering sufficient evidence to demonstrate the absence of any material issues of fact (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The conclusory averment of plaintiff that it "has * * * performed all of its obligations under the lease which are conditions precedent to defendant's obligation to perform thereunder" is not sufficient to establish that the traffic light contingency set forth in paragraph 21 of the lease was satisfied (*see, Missert v Rochester Tech. Group*, 254 AD2d 787; *see also, Ayotte v Gervasio*, 81 NY2d 1062, 1063).

On its cross motion, defendant proffered evidence establishing that it was prevented from beginning the permit process due to causes beyond its control and attributable to plaintiff. In response, plaintiff failed to raise a material issue of fact. Under paragraph 31 (b) of the lease, "the period of time during which either party is prevented or delayed in * * * fulfilling any obligation * *· * required under the Lease due to * * * causes beyond such party's reasonable control, shall be added to such party's time for performance thereof, and such party shall have no liability by reason thereof". Because defendant was prevented from beginning the permit process, the "contingency period" never began, and defendant was not obligated to comply with the procedure for extending that period set forth in paragraph 9 (a) (iv) of the lease. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Scudder and Balio, JJ.