In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated *974 May 1, 2009, as denied those branches of its motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss so much of the second cause of action as sought to recover damages based on an alleged loss of future profits after April 30, 2006, and the third cause of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant’s motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss so much of the second cause of action as sought to recover damages based on an alleged loss of future profits after April 30, 2006, and the third cause of action are granted.
The plaintiff, Watermelons Plus, Inc. (hereinafter Watermelons), concedes that New York courts permit a party to use an unconditional termination clause “without court inquiry into good faith or motive.” This is consistent with the rule that “a party has an absolute, unqualified right to terminate a contract on notice pursuant to an unconditional termination clause without court inquiry into whether the termination was activated by an ulterior motive” (A.J. Temple Marble & Tile v Long Is. R.R., 256 AD2d 526, 527 [1998]; see Big Apple Car v City of New York, 204 AD2d 109 [1994]; see also Murphy v American Home Prods. Corp., 58 NY2d 293, 304 [1983]; Abacus v Datagence, Inc., 66 AD3d 552 [2009]; Elsaeidy v Guarino, 2 AD3d 486 [2003]; Red Apple Child Dev. Ctr. v Community School Dists. Two, 303 AD2d 156 [2003]; but see Matter of L&M Bus Corp. v New York City Dept. of Educ., 71 AD3d 127 [2009]; Outback/Empire I, Ltd. Partnership v Kamitis, Inc., 35 AD 3d 563 [2006]).
In its second cause of action, Watermelons sought damages based on allegations that the defendant, New York City Department of Education (hereinafter NYCDOE), “disabled” it from performing a contract that would otherwise have expired on July 31, 2009. Under the rule stated above, however, NYCDOE may not be subject to damages based on Watermelons’ alleged loss of future profits for any period following the 120th day, measured from the time when, on December 30, 2005, Watermelons expressly repudiated the contract, thus causing its effective termination as of that date, at the very latest.
We reject Watermelons’ argument that, because NYCDOE did not expressly “invoke” the termination-for-convenience clause prior to the onset of litigation, it is not “cloaked with . . . immunity” regarding Watermelons’ alleged loss of future profits. A defendant’s failure to provide written notice that such defendant intends to exercise an absolute and unconditional right to terminate, or to fail to renew, a contract may be excused *975 where the plaintiff clearly has been put on notice that the contract has effectively been terminated by the parties’ own behavior (see Missert v Rochester Tech. Group, 254 AD2d 787 [1998]).
In addition, Watermelons’ third cause of action, which seeks damages based on the destruction of its business, should have been dismissed in its entirety (cf. Kenford Co. v County of Erie, 73 NY2d 312 [1989]).
Accordingly, those branches of the defendant’s motion which were to dismiss so much of the second cause of action as sought to recover damages based on an alleged loss of future profits after April 30, 2006, and the third cause of action should have been Granted. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.