■ INTERNATIONAL SHARED SERVICES, INC., Appellant, v COUNTY OF NASSAU et al., Appellant. [634 NYS2d 722] —In an action, *inter alia,* to recover damages for breach of contract, tortious interference with contractual relations, and prima facie tort, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated August 24, 1994, as granted those branches of the defendants' motion which were to dismiss the second, third, fourth, and fifth causes of action set forth in the verified complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting those branches of the defendants' motion which were to dismiss the second and fourth causes of action and substituting therefor a provision denying those branches of the defendants' motion, and (2) deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the fifth cause of action and substituting therefor a provision granting that branch of the motion only to the extent of dismissing the fifth cause of action insofar as asserted against the defendants County of Nassau and Nassau County Medical Center and denying that branch of the motion in all other respects; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

According to the allegations of the complaint, the plaintiff

entered into a contract with the defendant County of Nassau and the defendant Nassau County Medical Center (hereinafter NCMC) to provide certain services to NCMC, and those defendants thereafter terminated the plaintiff's performance of services without cause. The plaintiff commenced this action and added Raymond Pritchet and Thomas Kennedy, two NCMC employees, as defendants. The second and third causes of action respectively alleged that Pritchet tortiously interfered with the contract and committed a prima facie tort by falsely denigrating the plaintiff's contractual performance to his superiors to advance the interests of a competing company owned by his friend. The fourth cause of action alleged that Kennedy similarly interfered with the contract, while the fifth cause of action asserted that all of the defendants conspired to defraud the plaintiff and frustrate its rights. The defendants moved, *inter alia,* to dismiss the foregoing causes of action as time barred under General Municipal Law § 50-i and for failure to file a notice of claim as required by General Municipal Law § 50-e. The defendants sought to dismiss the third cause of action on the additional ground that it failed to state a claim for prima facie tort. The Supreme Court granted the motion and dismissed these causes of action. We now modify the order to reinstate the second and fourth causes of action and to reinstate the fifth cause of action to the extent that it is asserted against the defendants Pritchet and Kennedy.

It is clear that the one-year-and-90-day limitations period of General Municipal Law § 50-i and the notice of claim requirement of General Municipal Law § 50-e apply to the claims against the individual defendants only if the defendant County of Nassau is obligated to indemnify them *(see,* General Municipal Law § 50-e [1] [b]; *Urraro v Green,* 106 AD2d 567; *Albano v Hawkins,* 82 AD2d 871). The obligation to indemnify in turn depends upon the resolution of the fact-sensitive question of whether Pritchet and Kennedy were acting within the scope of their employment with NCMC in committing the alleged tortious acts *(see generally, Riviello v Waldron,* 47 NY2d 297; *Overton v Ebert,* 180 AD2d 955; *Beare v Byrne,* 103 AD2d 814, *affd* 67 NY2d 922).

Contrary to the defendants' position and the Supreme Court's determination, the record in this case does not contain sufficient evidence upon which to resolve the scope of employment issue. The complaint alleges that Pritchet and Kennedy did not act in the scope of their employment, and the plaintiff's Long Island service manager submitted an affidavit of personal knowledge stating that Pritchet had engaged in a deliberate

scheme to aid his friend's company by falsifying information regarding the plaintiff to NCMC executives. The defendants submitted only an attorney's affirmation in support of their claim that Pritchet and Kennedy acted within the scope of their employment. Significantly, there is no affidavit, deposition, or documentary evidence in the record identifying the employment positions of Pritchet and Kennedy, the work duties associated therewith, or the manner in which the alleged conduct fell within the scope of their employment. Accordingly, resolution of the issue must await discovery and further motion practice or trial *(see, Giordano v O'Neill,* 131 AD2d 722; *Albano v Hawkins,* 82 AD2d 871, *supra),* and the second and fourth causes of action, as well as the fifth cause of action insofar as it is asserted against Pritchet and Kennedy, must be reinstated. The fifth cause of action was properly dismissed as against the County of Nassau and NCMC on the grounds of failure to serve a notice of claim *(see,* General Municipal Law § 50-e) and expiration of the applicable limitations period *(see,* General Municipal Law § 50-i).

However, we agree with the defendants that the third cause of action fails to state a claim for prima facie tort inasmuch as it fails to allege that the sole motivation for Pritchet's conduct was disinterested malevolence *(see, e.g., Niego v Braun,* 212 AD2d 445; *Deising v Town of Esopus,* 204 AD2d 940; *Boyle v Stiefel Labs.,* 204 AD2d 872; *WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257). In fact, the allegations of the complaint actually negate this requisite element. Similarly, the plaintiff failed to adequately plead special damages *(see, Nu-Life Constr. Corp. v Board of Educ.,* 204 AD2d 106; *Constant v Hallmark Cards,* 172 AD2d 641; *Dalton v Union Bank,* 134 AD2d 174).

The plaintiff's contention that the Supreme Court erred in denying its cross motion is not properly before us since the plaintiff did not appeal from that part of the order *(see,* CPLR 5515 [1]; *Kinns v Schulz,* 131 AD2d 957; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132; *Vias v Rohan,* 119 AD2d 672; *Christian v Christian,* 55 AD2d 613; *Marocco v Marocco,* 53 AD2d 707). Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.