ment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ Long Island Pipe Fabrication & Supply Corp., Appellant, v S & S Fire Suppression System, Inc., Respondent. (Appeal No. 2.) [641 NYS2d 575] —Appeal from order insofar as it denied reargument unanimously dismissed (see, Empire Ins. Co. v Food City, 167 AD2d 983, 984) and order affirmed without costs. Same Memorandum as in Long Is. Pipe Fabrication & Supply Corp. v S & S Fire Suppression Sys. (226 AD2d 1136 [decided herewith]). (Appeal from Order of Supreme Court, Nassau County, Alpert, J.—Reargument and Renewal.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ Alexander Athanasiou, Appellant, v Carol A. LaRosa et al., Respondents. [641 NYS2d 576] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Feuerstein, J. (Appeal from Order of Supreme Court, Nassau County, Feuerstein, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ Paul J. Brown, Appellant, v Mohamed Baghdady et al., Respondents. [641 NYS2d 1021] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: A party seeking to vacate a default judgment is "required to demonstrate both a reasonable excuse for the default and a meritorious defense to the action" (Fennell v Mason, 204 AD2d 599; see, CPLR 5015 [a] [1]). A "vague and unsubstantiated claim of law office failure" is insufficient to constitute a reasonable excuse (Fennell v Mason, supra, at 599; see, Korea Exch. Bank v Attilio, 186 AD2d 634). Because defendants failed to show a reasonable excuse for their default, Supreme Court erred in granting their motion to vacate the default judgments against them and striking the note of issue and statement of readiness (see, Peters v Pickard, 143 AD2d 81; see also, Torres v Houses "R" Us, 182 AD2d 684). We therefore modify the order by vacating the second, third and fourth ordering paragraphs, denying defendants' motions to vacate the default judgments and reinstating the note of issue. (Appeal from Order of Supreme Court, Kings County, Vinik, J.—Vacate Default Judgment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ Rose Teneriello, Appellant, v Travelers Companies et al., Respondents. [641 NYS2d 482] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the complaint as time barred based upon plaintiff's

failure to commence the action within one year after the alleged defamatory statements were published (*see*, CPLR 215 [3]). Contrary to plaintiff's contention, the action accrued when the statements were originally published in 1991 (*see, Bassim v Hassett*, 184 AD2d 908, 910; *Tomasino v Morrow & Co.*, 174 AD2d 734), not upon plaintiff's discovery of the statements two years later (*see, Fleischer v Institute for Research in Hypnosis*, 57 AD2d 535; *see also, Karam v First Am. Bank*, 190 AD2d 1017, 1018). Even assuming, arguendo, that the statements were republished in March 1993 when defendants provided the documents containing them to plaintiff's attorneys during discovery in an unrelated action, plaintiff is deemed to have consented thereto because the documents were provided at her request (*see, Teichner v Bellan*, 7 AD2d 247, 251; *Wells v Belstrat Hotel Corp.*, 212 App Div 366).

We reject plaintiff's further contention that defendants are estopped from asserting the Statute of Limitations as a defense. Plaintiff has not alleged active concealment or misrepresentation of facts by defendants, and, thus, equitable estoppel does not apply (*see, Jordan v Ford Motor Co.*, 73 AD2d 422; *see also, Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184, *rearg denied* 57 NY2d 674). In view of our determination, we do not reach plaintiff's remaining contentions. (Appeal from Order of Supreme Court, Nassau County, Becker, J.—Dismiss Complaint.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.