■ MARIE JENNINGS, Respondent, v FRANK J. RASO, Appellant. [674 NYS2d 108] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 16, 1997, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The factual allegations in the plaintiff's complaint are sufficient to state a cause of action for legal malpractice (*see*, CPLR 3211 [a] [7]; *Guggenheimer v Ginzberg*, 43 NY2d 268, 275). The complaint alleges that the plaintiff consulted with the defendant concerning her legal rights with respect to personal injuries that she sustained on September 23, 1988, in a bar when an employee of the bar, Mike Picozzi, harassed, assaulted, and battered her without justification. The plaintiff asserts that the defendant was negligent in failing to commence an action against the bar and, although a negligence action was commenced against Picozzi, in failing to assert a cause of action for assault and battery against him before the expiration of the applicable Statute of Limitations. The complaint further alleges that the plaintiff incurred damages as a result of the defendant's failure to timely commence these actions or causes of action. Contrary to the defendant's contention, the facts in the complaint make out a prima facie case of negligence against the bar (*see*, *Pratt v Ocean Med. Care*, 236 AD2d 380; *Rhames v Supermarkets Gen. Corp.*, 230 AD2d 780; *Kirkman v Astoria Gen. Hosp.*, 204 AD2d 401).

The retainer agreement submitted by the defendant in support of that branch of his motion which was to dismiss pursuant to CPLR 3211 (a) (1) does not support the defendant's contention that the plaintiff had agreed not to commence a lawsuit against the bar. In any event, the retainer agreement would not limit the defendant's duty in representing his client's interest (*see*, *Greenwich v Markhoff*, 234 AD2d 112). Moreover, the claim is viable despite a judgment of default obtained against Picozzi in the negligence action, since the plaintiff has yet to recover on that judgment and it is alleged that the defendant's negligence has prevented the plaintiff from obtaining a judgment that may be collectible. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.