■ BERNARD IATAURO, Appellant, v ST. JOHN'S UNIVERSITY, Respondent. [744 NYS2d 347] —In an action, inter alia, to recover damages for alleged employment discrimination pursuant to Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated May 4, 2001, as granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the defendant's motion for summary judgment dismissing the amended complaint was properly granted. The plaintiff pleaded guilty in the Superior Court of New Jersey to the charge of endangering the welfare of a child. That the charge was later ordered dismissed because the plaintiff subsequently completed treatment in a "Pretrial Intervention Program," does not constitute a favorable determination within the contemplation of CPL 160.50 (3) (*see Matter of N.J.D. Elecs. v New York City Health & Hosps. Corp.,* 205 AD2d 323, 324-325; *cf. Dwyer v Guido,* 54 AD2d 956, 957). Accordingly, since the plaintiff was not a member of the class protected by Executive Law § 296 (16) and Administrative Code § 8-107 (11), and thus cannot establish a prima facie case of discrimination pursuant to that statute and ordinance, respectively, the Supreme Court properly granted the defendant's motion and dismissed the amended complaint (*see Ferrante v American Lung Assn.,* 90 NY2d 623, 629). We note that since the plaintiff failed to raise any issues with respect to his claims pursuant to Executive Law § 296 (15) and Administrative Code § 8-107 (10), he has abandoned those claims on appeal (*see Agee v Ajar,* 154 AD2d 569, 571-572).

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.