■ ROBERT LIERE, Doing Business as LIERE FARMS, Appellant, v PETER SCULLY, Respondent. [912 NYS2d 690]—

In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 10, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action to recover damages for defamation after the defendant, who was the Regional Director of the State Department of Environmental Conservation (hereinafter the DEC), made statements to a News 12 television reporter just before the DEC executed an administrative warrant to inspect the plaintiff's farm, known as Liere Farms (hereinafter the farm). The statements concerned, inter alia, the plaintiff's alleged "bulldozing" of the farm to create a "massive solid waste facility," as well as his acceptance of "land clearing debris" and "yard waste" without obtaining required governmental approvals. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

The defendant demonstrated his prima facie entitlement to judgment as a matter of law by presenting evidence that the challenged statements were protected by a qualified privilege. A qualified privilege applies to statements that are " 'fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his own affairs, in a matter where his interest is concerned' " (*Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007], quoting *Toker v Pollak*, 44 NY2d 211, 219 [1978]; *see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]). The defendant demonstrated that he made the statements at issue in his official capacity as regional director of the DEC and that the television reporter to whom he made the statements, and the public in general, had corresponding interests in the statements' subject matter (*see Saez v City of New York*, 270 AD2d 55 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant exceeded the scope of the privilege (*see DeNaro v Rosalia*, 59 AD3d 584, 587-588 [2009]), or as to whether the statements were made with either spite or ill will (common-law malice) or a high degree of awareness of the statements' probable falsity (constitutional malice) (*see Foster v Churchill*, 87 NY2d 744, 752 [1996]; *Liberman v Gelstein*, 80 NY2d at 437-438; *Hoesten v Best*, 34 AD3d 143, 157-158 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment. Mastro, J.P., Fisher, Covello and Roman, JJ., concur.