■ ANDREW HOFFMAN, Appellant, v ANTHONY J. COLLELUORI et al., Respondents. [926 NYS2d 150]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated October 25, 2010, as, upon reargument, adhered to the original determination in an order of the same court entered August 5, 2010, granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second, third, and fourth causes of action in the complaint.

Ordered that the order dated October 25, 2010, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the original determination in the order entered August 5, 2010, granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second and third causes of action and substituting therefor provisions, upon reargument, vacating the determination granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second and third causes of action and thereupon denying those branches of the defendant's motion; as so modified, the order dated October 25, 2010, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in, upon reargument, adhering to its original determination granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second and third causes of action to recover damages for legal malpractice. "A motion to dismiss pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to

the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018 [2010] [internal quotation marks and citation omitted]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]).

Accepting all the facts alleged in the complaint as true, the allegations are sufficient to state a cause of action to recover damages for legal malpractice in an underlying federal civil rights action. The plaintiff alleged in his complaint, inter alia, that the defendants failed to assert the underlying causes of action before the expiration of the applicable statutes of limitations, and that their negligence was a proximate cause of his damages (*see Jennings v Raso*, 251 AD2d 380 [1998]). While most of the underlying causes of action were time-barred before the plaintiff retained the defendants, the plaintiff's claim under 42 USC § 1983 arising from malicious prosecution was viable at the time the defendants commenced the federal action on the plaintiff's behalf (*see Palmer v State of New York*, 57 AD3d 364, 364 [2008]; *Pendleton v City of New York*, 44 AD3d 733, 737 [2007]). Moreover, contrary to the defendants' contention, the complaint "set forth allegations from which damages attributable to the defendant[s'] alleged malpractice might be reasonably inferred" (*Caruso, Caruso & Branda, P.C. v Hirsch*, 41 AD3d 407, 410 [2007]; *see Fielding v Kupferman*, 65 AD3d 437, 442 [2009]).

The Supreme Court also erred in, upon reargument, adhering to its original determination granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) to dismiss the legal malpractice causes of action. A motion pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Thompsen v Baier*, 84 AD3d 1062 [2011]). Here, the documentary evidence did not conclusively establish that all of the underlying causes of action were time-barred before the plaintiff retained the defendants.

However, the Supreme Court properly adhered to its original determination granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action sounding in negligent misrepresentation. That cause of action arises out of the same facts as the legal malpractice causes of action and does not allege distinct damages (*see Iannucci v Kucker & Bruh, LLP*, 42 AD3d 436, 436-437 [2007];

*Sitar v Sitar*, 50 AD3d 667, 670 [2008]; *see also Conklin v Owen*, 72 AD3d 1006, 1007 [2010]). We note that, on appeal, the plaintiff has abandoned his contentions regarding the first cause of action sounding in breach of contract (*see Iatauro v St. John's Univ.*, 295 AD2d 478 [2002]). Rivera, J.P., Florio, Austin and Cohen, JJ., concur.