■ ABDULLAH WILSON, Also Known as GEORGE WILSON, Appellant, v ROGER ERRA et al., Respondents. [942 NYS2d 127]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered January 19, 2011, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, his cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

In December 2009, the plaintiff commenced this action against the defendant Roger Erra and his business, the defendant Erra's Scrap Metal, alleging defamation and intentional infliction of emotional distress arising out of a criminal proceeding, wherein Erra testified against the plaintiff. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint as time-barred and on the additional ground that the complaint failed to state a cause of action because the alleged defamatory statements were absolutely privileged. Moreover, the Supreme Court denied, as academic, the plaintiff's cross motion for leave to amend the complaint. The plaintiff appeals. We affirm.

The causes of action sounding in defamation and intentional infliction of emotional distress are governed by a one-year statute of limitations (see CPLR 215 [3]; Dinerman v City of N.Y. Admin. for Children's Servs., 50 AD3d 1087, 1088 [2008]). A cause of action alleging defamation accrues at the time the alleged statements are originally uttered (see Gigante v Arbucci, 34 AD3d 425, 426 [2006]; Teneriello v Travelers Cos., 226 AD2d 1137 [1996]). A cause of action alleging intentional infliction of emotional distress accrues on the date of injury (see Passucci v Home Depot, Inc., 67 AD3d 1470, 1471 [2009]). Here, the alleged defamatory statements were uttered, and any injury to the plaintiff occurred, in September 1995 when Erra testified against the plaintiff at a criminal trial. Since this action was not commenced until 14 years later in December 2009, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint as time-barred (see Giglio v Delesparo, 46 AD2d 928 [1974]).

The Supreme Court properly determined that an award of summary judgment to the defendants was warranted on the additional ground that the alleged defamatory statements by Erra were absolutely privileged. "Statements made by parties, at-

torneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding" (*Kilkenny v Law Off. of Cushner & Garvey, LLP*, 76 AD3d 512, 513 [2010]; *see Toker v Pollak*, 44 NY2d 211, 219 [1978]; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d 683, 684 [2010]). To the extent the plaintiff contends that Erra's report of the underlying incident to the police in 1992 was defamatory, the defendants made a prima facie showing that such reports are protected by a qualified privilege, and the plaintiff failed to raise a triable issue of fact as to whether the 1992 communications were motivated solely by malice (*see Toker v Pollak*, 44 NY2d at 218; *Levy v Grandone*, 14 AD3d 660, 662 [2005]).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Florio, Austin and Roman, JJ., concur.