13-3054-cv
Conte v. County of Nassau et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of December, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                         *Circuit Judges*.

_____

ANTHONY CONTE,

                    *Plaintiff-Appellant,*

            v.                                    13-3054-cv

COUNTY OF NASSAU, New York, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, DENIS E. DILLON, Individually and as Former District Attorney of Nassau County, New York, BOB EMMONS, Individually and as Assistant District Attorney of Nassau County, New York, WILLIAM WALLACE, Individually and as Assistant District Attorney of Nassau County, New York, KATHERINE RICE, Individually and as District Attorney of Nassau County, New York, CHRISTINA SARDO, Individually and as Assistant District Attorney of Nassau County, New York, MIKE FALZARNO, Individually and as Special Investigator for the Office of the District Attorney of Nassau County, New York, NEW YORK CITY POLICE DEPARTMENT, LARRY GUERRA, John and Jane Does, 1-20, Unknown Individuals and Employees of the Nassau County District Attorney's Office, PHILLIP WASILAUSKY, Individually and as Assistant District Attorney of Nassau County, New York, RHODA ZWICKER, Individually and as a Clerk in the Nassau County District Attorney's Office, Nassau County, New York, ROBERT VINAL, Individually and as Deputy Commissioner of the Police Department of the City of New York, LISA BLAND, Individually and as Attorney for the Police Department of the City of New York,

                    *Defendants-Appellees,*

TEFTA SHASKA, Individually and as a Detective for the Police Department of the City of New York,

*Defendant-Cross-Claimant-Appellee*,

CITY OF NEW YORK,

*Defendant-Cross-Defendant-Appellee.*
_____

Appearing for Appellant:     Anthony Conte, pro se, South Setauket, N.Y.

Appearing for Appellees:     Robert F. Van der Waag (Carnell T. Foskey, *on the brief*), County Attorneys for County of Nassau, Mineola, N.Y., *for Nassau County Defendants-Appellees.*

Michael J. Pastor, Senior Counsel (Zachary W. Carter, Corporation Counsel of the City of New York, Kristin M. Helmers, Senior Counsel, *on the brief*), New York City Law Department, New York, N.Y., *for New York City Defendants-Appellees.*

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court is hereby **AFFIRMED** in part, **VACATED** in part, and the action is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant, Anthony Conte, proceeding pro se, filed suit in the United States District Court for the Eastern District of New York (Bianco, *J.*) against, among others, the County of Nassau, the City of New York, and several officials and employees thereof in both their individual and official capacities, bringing various state and federal law claims arising from the allegedly unlawful investigation and prosecution of the plaintiff. Conte now appeals from the final judgment entered by the district court on July 31, 2013, granting in its entirety defendants-appellants' post-verdict motion for judgment as a matter of law and denying the parties' Rule 59 motions for new trial. *See Conte v. Cnty. of Nassau*, No. 06-CV-4746 (JFB) (ETB), 2013 WL 3878738, at *1-2 (E.D.N.Y. July 26, 2013). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Conte argues that the district court erred by: (1) dismissing his state law claims against the City of New York ("City"); (2) dismissing on summary judgment his defamation, injurious falsehoods, and intentional infliction of emotional distress claims against Nassau County Assistant District Attorneys Philip Wasilausky, Robert Emmons, and William Wallace, and County Investigator Michael Falzarano (collectively, "County Defendants") and Tefta Shaska; (3) dismissing on summary judgment his First Amendment claims against the County

Defendants; (4) granting post-verdict judgment as a matter of law on his false arrest claim against Wasilausky; (5) granting post-verdict judgment as a matter of law on his tortious interference with contract claims against Wallace, Emmons, and Falzarano; and (6) denying his motion for a new damages trial. While we affirm the district court's rulings with respect to the first four challenges, we vacate the district court's order granting judgment as a matter of law in favor of Wallace, Emmons, and Falzarano on Conte's claims for tortious interference with contractual relationships and denying the parties' motions for a new trial.

## I.   State Law Claims Against the City of New York

With respect to his state law claims against the City of New York, Conte asserts that the district court erred in failing to address whether the City could be held vicariously liable for the torts of its employees under a theory of respondeat superior. Although the district court's March 31, 2008 order of dismissal purported to dismiss all claims against the City without mentioning whether it could be held vicariously liable for the state law claims, *see Conte v. Cnty. of Nassau*, No. 06-CV-4746 (JFB) (ETB), 2008 WL 905879, at *1, *30–31 (E.D.N.Y. Mar. 31, 2008), we cannot now say that this potential oversight was in error, because we affirm the dismissal of all the underlying state law claims against the City's employees, including the subsequent grant of summary judgment for New York City Police Detective Shaska on all claims, *Conte v. Cnty. of Nassau*, No. 06-CV-4746 (JFB) (ETB), 2010 WL 3924677, at *34, *37 (E.D.N.Y. Sept. 30, 2010); s*ee also Harsco Corp. v. Segui*, 91 F.3d 337, 339, 349 (2d Cir. 1996) (affirming the district court's order dismissing respondeat superior claims "because the dismissal of their underlying theories of liability eliminated the prospect of vicarious liability").

Nor does the district court's potential oversight deprive us of jurisdiction. This court has held that an order is "final" for the purposes of appeal, despite the district court's failure to expressly decide all claims in an order granting summary judgment. *See Vona v. Cnty. of Niagara*, 119 F.3d 201, 205-06 (2d Cir. 1997). There, we explained that "[e]ven though a document does not comprehensively list all of the court's decisions, we may consider it to be a final judgment if it is clear that the court so intended it." *Id.* at 206. In *United States ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160 (2d Cir. 2014), as well, we reiterated that "if the district court only overlooked a 'ministerial dut[y],' any omission 'is not fatal to finality and consequent appealability.'" *Id.* at 163 (quoting *Taylor v. Bd. of Educ. of City Sch. Dist. of New Rochelle*, 288 F.2d 600, 602 (2d Cir. 1961)). Here, the district court clearly expressed its intent that the July 31, 2013 order should constitute the court's final judgment, and that order did in fact dispose of all of Conte's claims. Accordingly, we find no error in the district court's final disposition in this respect, which held that neither the City nor its employees were liable to Conte on any of the claims asserted. *Cf. Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 144 (2d Cir. 2013) ("[U]pon appeal from a final judgment concluding the action, earlier summary dispositions merge in the judgment and are reviewable.") (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 781 (2d Cir. 1999)).

## II.   State Law Claims Against Shaska and Nassau County

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor."

*Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Conte argues that the district court erred in granting summary judgment for all defendants on his state law claims for defamation, injurious falsehood, and intentional infliction of emotional distress after concluding that these claims were barred by the one-year statute of limitations governing intentional torts. Specifically, he asserts that the district court should not have dismissed these causes of action against Shaska (who raised the statute of limitations defense only in her reply brief) and the County (who never raised the limitations defense prior to summary judgment), without first determining whether the one-year-and-ninety day limitations period governing municipal defendants should have applied. Conte's argument is unavailing because, even assuming the one-year-and-ninety day statute of limitations applied, the district court's dismissal of these claims would have been proper.

We review a district court's application of the statute of limitations de novo. *See Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008). Under New York law, a defamation claim must be asserted within one year of the date on which the defamatory statement was published or uttered to a third party, even if it would have been impossible for the plaintiff to discover the injury at that time. C.P.L.R. § 215(3); *Teneriello v. Travelers Cos.*, 641 N.Y.S.2d 482, 483 (4th Dep't 1996). Where, as here, a plaintiff asserts a claim for injurious falsehood while relying on the same defamatory statements and the same damages that form the basis for his defamation claim, he cannot circumvent the one-year statute of limitations with creative labeling. *Entm't Partners Grp., Inc. v. Davis*, 603 N.Y.S.2d 439, 440 (1st Dep't 1993). A claim for intentional infliction of emotional distress must also be asserted within one year, C.P.L.R. § 215(3), but the cause of action arises on the date of injury. *Wilson v. Erra*, 942 N.Y.S.2d 127, 129 (2d Dep't 2012).

Where a plaintiff sues "a city, county, town, village, fire district or school district," however, a one-year-and-ninety-day statute of limitations governs. Gen. Mun. Law § 50–i. General Municipal Law § 50–i "takes precedence over the one-year period of limitations provided for in CPLR 215." *Wright v. City of Newburgh*, 686 N.Y.S.2d 74, 74-75 (2d Dep't 1999) (internal quotation marks omitted). New York courts have held that the one-year-and-ninety-day statute of limitations applies to claims not only against municipalities themselves, but also against "any officer, agent, or employee thereof," Gen. Mun. Law § 50–i(1), if the municipality is required to indemnify the defendant pursuant to the General Municipal Law or any other statutory provision and is therefore "the real party in interest." *Ruggiero v. Phillips*, 739 N.Y.S.2d 797, 799–800 (2d Dep't 2002). "The obligation to indemnify in turn depends upon the resolution of the fact-sensitive question of whether [the employees] were acting within the scope of their employment . . . in committing the alleged tortious acts." *Int'l Shared Servs. v. Cnty. of Nassau*, 634 N.Y.S.2d 722, 724 (2d Dep't 1995).

At summary judgment, Conte presented no evidence that the defendants made defamatory statements or were liable for any injury resulting from defamatory statements after June 1, 2005—one year and ninety days prior to August 30, 2006, when Conte filed his initial complaint. As to Shaska, Conte averred that Shaska's tortious acts occurred in February 2004

4

and that he learned of them three months later. As to the County Defendants, the only relevant allegations within the limitations period concerned harm caused to him by two non-defendants who repeated the County Defendants' statements. But these defendants cannot be held liable for another person's tortious acts. *See Rinaldi v. Viking Penguin, Inc.*, 52 N.Y.2d 422, 435 (1981) (holding republication exception to statute of limitations does not apply if defendant has no knowledge of and plays no decision-making role in the republication). Accordingly, we affirm the district court's dismissal of the claims of defamation, injurious falsehoods, and intentional infliction of emotional distress against Shaska and the County Defendants.

### III. Tortious Interference with Contractual Relationships Claims

Conte argues that the district court erred when it granted the County Defendants' post-verdict motion for judgment as a matter of law on his tortious interference with contract claims on the grounds that these claims were barred by the one-year-and-ninety-day statute of limitations governing municipal liability. We agree.

"[T]he same standard that applies to a pretrial motion for summary judgment pursuant to Fed. R. Civ. P. 56 also applies to motions for judgment as a matter of law during or after trial pursuant to Rule 50." *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000). Namely, the district court's ruling on a post-verdict motion for JMOL under Rule 50(b) is reviewed de novo. *Runner v. N.Y. Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009). Pursuant to Federal Rule of Civil Procedure 50, a district court may set aside a jury verdict on purely legal issues unrelated to the sufficiency of evidence at trial. *Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 327 (1967). However, "[t]o the extent that a particular finding of fact was essential to an affirmative defense[, the defendant must] . . . request that the jury be asked the pertinent question." *Kerman v. City of N.Y.*, 374 F.3d 93, 120 (2d Cir. 2004). If the movant fails to request a special interrogatory, "he is not entitled to have the court, in lieu of the jury, make the needed factual finding." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007).

The district court erred in granting judgment as a matter of law based on the County Defendants' late-raised statute of limitations defense, because this required the court to decide in the first instance two factual questions that should have been submitted to the jury: (1) whether the defendants were acting in the scope of their employment, and (2) when the injury arose. As noted above, whether a municipality is required to indemnify its employees is a "fact-sensitive question" that usually should be decided at trial rather than by the indemnifying municipality, who is the real party in interest. *Int'l Shared Servs.*, 634 N.Y.S.2d at 724. Furthermore, the trial court did not instruct, and the defendants did not request, that the jury determine when Conte was injured as a result of the defendants' tortious conduct.[1] Because these two findings of fact were "essential to [the] affirmative defense," the defendants were not entitled to have the district court decide these facts in the first instance. *See Kerman*, 374 F.3d at 120.

---

[1] During the damages trial, the district court instructed the jury to separately calculate the damages flowing from tortious acts occurring before and after June 1, 2005, and the jury allocated damages for both periods. This finding is not dispositive as to when the cause of action arose. "Since damage is an essential element of the tort, the claim is not enforceable until damages are sustained." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993).

The defendants argue that we can affirm the district court's decision because Conte did not prove sufficient facts to allow the jury to find any of the elements of a tortious-interference-of-contract claim and the defendants are immune from suit. However, the defendants did not specifically articulate these grounds for reversal in their Rule 50(a) motion. To be entitled to judgment as a matter of law on a factual issue, the movant must, at the close of the plaintiff's case, "identify the specific element that the defendant contends is insufficiently supported." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998). This "afford[s] the adverse party the opportunity to correct any possible infirmities in the proof presented." *Gordon v. Cnty. of Rockland*, 110 F.3d 886, 887 n.2 (2d Cir. 1997) (internal quotation marks omitted). A movant, therefore, may not raise a ground in its renewed motion for judgment as a matter of law if he failed to raise that specific ground earlier. *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53–54 (2d Cir. 1993), *abrogated on other grounds by Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2011). We decline to address these issues for the first time on appeal and therefore vacate the judgment as a matter of law as to these claims.

## IV.    New Trial Motion

Federal Rule of Civil Procedure 50 requires that, "[i]f the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Fed. R. Civ. P. 50(c)(1). Here, the district court denied the new trial motions as moot, but failed to conditionally rule on the parties' Rule 59 motions. On appeal, Conte reiterates his argument that he was entitled to a new damages trial, thereby preserving this claim on appeal despite the district court's failure to make an alternative ruling. *See Grant v. Hazelett Strip-Casting Corp.*, 880 F.2d 1564, 1571 (2d Cir. 1989). However, because the defendants do not "raise any reason for a new trial on appeal, we see no reason to deprive [Conte] of the benefit of the jury's verdict." *Id.* (internal citation omitted). Accordingly, we remand for reconsideration of that motion.

We have considered the remainder of Conte's arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the district court granting judgment as a matter of law in favor of Emmons, Falzarano, and Wallace on Conte's claim of tortious interference with contractual relationships, and **REMAND** to the district court to resolve that claim in further proceedings consistent with this order. We **AFFIRM** the judgment of the district court in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk