■ DANIEL J. MELIOUS et al., Appellants, v ROBERT BESIGNANO et al., Respondents, et al., Defendants. [4 NYS3d 228]—

In a consolidated action to recover damages, inter alia, for defamation and prima facie tort, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated September 27, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for defamation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Daniel J. Melious (hereinafter the plaintiff), and his wife suing derivatively, commenced two actions, which were subsequently consolidated, to recover damages for, inter alia, defamation, prima facie tort, and loss of services. The plaintiffs' claims arise from the plaintiff's termination as a junior varsity basketball coach and thereafter as a teacher at Monsignor Farrell High School in Staten Island, amid allegations made by the defendants Robert Besignano, the varsity basketball coach and Dean, and Robert Minall, the Assistant Dean, concerning, inter alia, the plaintiff's alleged use of steroids, inappropriate relationships with students, and racial bias toward a Hispanic student in his class. The Supreme Court granted the defendants' motion for summary judgment dismissing the causes of action alleging defamation, prima facie tort, and loss of services.

A cause of action alleging defamation is governed by a one-year statute of limitations (see CPLR 215 [3]). Such a cause of action accrues at the time the alleged statements are originally uttered (see Wilson v Erra, 94 AD3d 756, 756 [2012]; Gigante v Arbucci, 34 AD3d 425, 426 [2006]; Teneriello v Travelers Cos., 226 AD2d 1137 [1996]). Here, contrary to the plaintiffs' contention, the Supreme Court properly determined that so much of the defamation cause of action as was premised upon alleged statements made on February 23, 2007, by Besignano, stating or implying that the plaintiff used steroids, were time-barred by the one-year statute of limitations set forth in CPLR 215 (3). The plaintiffs included the allegations concerning these statements for the first time in their amended verified complaint, which was dated August 18, 2008, more than one year after these statements allegedly were uttered. Moreover, as the original complaint gave no notice of these statements, these statements do not relate back to the original complaint for statute of limitations purposes (see CPLR 203 [f]).

The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the entire def-

amation cause of action by presenting evidence that all of the challenged statements were protected by a qualified privilege. "Generally, a statement is subject to a qualified privilege when it is fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his [or her] own affairs, in a matter where his interest is concerned" (*Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007] [internal quotation marks omitted]; *see e.g. Thomas H. v Paul B.*, 18 NY3d 580, 586 [2012]; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 445 [2002]; *Liberman v Gelstein*, 80 NY2d 429, 437 [1992]). The defendants demonstrated that the statements at issue made by Besignano and Minall in their official capacities as Dean and Assistant Dean of the School, respectively, and that the persons to whom they made the statements, had corresponding interests in the subject matter of the statements (*see Liere v Scully*, 79 AD3d 821, 822 [2010]; *Saez v City of New York*, 270 AD2d 55 [2000]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact.

We note that since the plaintiffs failed to raise any issues with respect to the causes of action alleging prima facie tort and loss of services, they have abandoned those claims on appeal (*see Hoffman v Colleluori*, 85 AD3d 1119, 1121 [2011]; *Iatauro v St. John's Univ.*, 295 AD2d 478 [2002]).

The plaintiffs' remaining contention is without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur. **[Prior Case History: 37 Misc 3d 1203(A), 2012 NY Slip Op 51871(U).]**