15-1425-cv
Conte v. Emmons, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of April, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

_____

ANTHONY CONTE,

                   *Plaintiff-Appellee*,

             v.                                           15-1425-cv

BOB EMMONS, Individually and as Assistant District Attorney
of Nassau County, New York, WILLIAM WALLACE, Individually
and as Assistant District Attorney of Nassau County, New York,
MIKE FALZARNO, Individually and as Special Investigator for
the Office of the District Attorney of Nassau County, New York,

                   *Defendants-Appellants*.[1]

_____

Appearing for Appellants:     Eliza Mae Scheibel, Wilson Elser Moskowitz Edelman & Dicker
                              LLP (Robert A. Spolzino, *on the brief*), White Plains, NY

Appearing for Appellee:       Michael H. Zhu, New York, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).


      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED** and **REMANDED**.


      Robert Emmons, William Wallace, and Michael Falzarno appeal from the April 2, 2015 order of the United States District Court for the Eastern District of New York (Bianco, *J.*) denying their renewed motion for judgment as a matter of law on Anthony Conte's claim for tortious interference with contract. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      "Where a mandate limits the issues open for consideration on remand, a district court ordinarily cannot consider additional issues." *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015). "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2011) (quotation marks omitted). Here, our previous summary order stated that:

> The defendants argue that we can affirm the district court's decision because Conte did not prove sufficient facts to allow the jury to find any of the elements of a tortious-interference-of-contract claim and the defendants are immune from suit. However, the defendants did not specifically articulate these grounds for reversal in their Rule 50(a) motion. . . . . A movant, therefore, may not raise a ground in its renewed motion for judgment as a matter of law if he failed to raise that specific ground earlier. We decline to address these issues for the first time on appeal and therefore vacate the judgment as a matter of law as to these claims.

*Conte v. County of Nassau*, 596 F. App'x 1, 6 (2d Cir. Dec. 17, 2014) (citations omitted). In the decretal paragraph, we vacated "the judgment of the district court granting judgment as a matter of law . . . on Conte's claim of tortious interference with contractual relationships," and remanded "to the district court to resolve that claim in further proceedings consistent with this order." *Id.* at 7. We also directed the district court on remand to consider Conte's motion for a new trial on damages.

      On remand, the district court found that the mandate limited it to considering only Conte's motion for a new trial on damages. This was error, although the district court's confusion is understandable given the drafting and arguable resulting ambiguity of our summary order. In directing the district court to "resolve" the tortious interference with contract claim, it was this Court's intention that the district court consider, in the first instance, all arguments related to that claim other than the statute of limitations claim. We thus remand again to give the district court an opportunity to do so.

Accordingly, the order of the district court hereby is VACATED and REMANDED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk