■ MacArthur Construction Corporation, Respondent, v John Coleman, Doing Business as John B. Coleman and Company, Appellant. — Order, Supreme Court, New York County (Grossman, J.), entered August 13, 1982, denying defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, without costs, to the extent of granting summary judgment dismissing plaintiff's second cause of action, and otherwise affirmed. Plaintiff, retained by appellant as construction advisor and consultant in connection with the renovation of the Navarro Hotel, seeks to recover the balance of its fee alleged to be due under a letter agreement entered into between the parties. The agreement provided for designated payments to be made over the design, bidding and construction phases, with the contract to continue until the construction work had been completed and a final certificate of occupancy issued. The agreement by its terms was to remain in effect for a period of 18 months from March 13, 1980. Appellant allegedly terminated the relationship December 19, 1980, before the construction phase began. The first cause of action seeks to recover $42,000 as the balance due under the agreement. We agree with Special Term that there are factual issues sufficient to preclude summary disposition as to the first cause of action. The agreement on its face was not terminable at will. The parties agreed therein to designate payments in fixed amounts as fixed percentages of the total fee to be paid for each phase, providing each such payment was to be "in proportion to value of work completed." Despite the claim by appellant that the contract was divisible and called for payment only for services actually rendered, there is a clear factual issue as to whether there was an anticipatory breach by appellant in discharging plaintiff and in retaining a new consultant before construction began. The claim of wrongful discharge and, if so, the agreed-upon payment, poses factual issues inappropriate for summary resolution. Although not specifically raised before Special Term, on searching the record, we find that the second cause of action does not state a cognizable claim for relief. Upon appeal on a motion for summary judgment, we may search the record and grant appropriate summary relief even where there had been no cross motion (*Carroll v New York Prop. Ins. Underwriting Assn.*, 88 AD2d 527; *Flaks, Zaslow & Co. v Bank Computer Network Corp.*, 66 AD2d 363). The second cause of action seeks to recover $250,000 in damages for injury to plaintiff's reputation in the industry, claimed to have resulted from the alleged wrongful termination of the agreement. The claim, however, is not actionable (see *Dember Constr. Corp. v Staten Is. Mall*, 56 AD2d 768; *Amaducci v Metropolitan Opera Assn.*, 33 AD2d 542; *La Fleur v Montgomery*, 70 AD2d 545). Concur — Kupferman, J. P., Sullivan, Milonas, Kassal and Alexander, JJ.