■ IRIS KATZ, Appellant, v HAROLD KATZ, Respondent.—In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered August 7, 1984, which denied her motion to compel the defendant husband to execute and deliver a deed to his

interest in the former marital residence to her upon her payment to him of 25% of the value of the net equity of the parties in the residence.

Order affirmed, with costs.

The existence of directly contradictory provisions in the separation agreement between the parties gives rise to an ambiguity (see, Steckler v Steckler, 78 AD2d 818), which may be resolved under the parol evidence rule through consideration of extrinsic evidence (67 Wall·St. Co. v Franklin Natl. Bank, 37 NY2d 245). On the record before it, especially the transcript of the tape recordings of the parties' negotiations, Special Term was justified in concluding that the parties intended that in the event of a purchase of the marital residence by the wife, the husband would be entitled to his entire 50% share of the net equity of the parties in the residence rather than 25% as proposed by the wife. The conclusory allegations of the wife's counsel set forth to discredit the evidence submitted by the husband are not sufficient to raise a triable issue of fact (see, Freedman v Chemical Constr. Corp., 43 NY2d 260, 264). Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.