■ BIG APPLE CAR, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [611 NYS2d 532] —Order, Supreme Court, New York County (Walter B. Tolub, J.), entered September 8, 1993, and amended order of the same court and Justice entered on

or about September 22, 1993, which denied plaintiff's motion for partial summary judgment seeking to dismiss the eighth and ninth affirmative defenses and the first counterclaim and the counterclaims and set-offs and second defense interposed by defendants City of New York ("the City") and the Human Resources Administration ("HRA") (collectively "defendants") and which granted the defendants' cross-motion seeking to dismiss the first four causes of action in the plaintiff's complaint, unanimously affirmed, without costs.

Plaintiff, a New York corporation which operates a car service comprised of independent drivers who pay a fee to the plaintiff for radio-dispatched calls, commenced the underlying action against the City and HRA seeking monetary damages for wrongful and bad faith termination of the parties' contracts. The genesis of the action was defendants' cancellation of the contracts in December of 1988, based upon the plaintiff's alleged fraudulent billing practices in connection with a series of car service contracts with HRA which had been awarded to the plaintiff in 1984 for the transport on an emergency basis of staffworkers and children requiring medical treatment, foster care placement and other social services pursuant to Social Services Law § 424 (6), which statutorily obligated the City to initiate an investigation into any report of child abuse or neglect within twenty-four hours of receiving the report.

In denying the motion for dismissal of the fraud defenses, the IAS Court properly rejected plaintiff's contentions that the fraud defenses were barred by the defendants' continued performance of the parties' transportation contracts, between August and December of 1988, after learning of the plaintiff's apparent fraud, and by the defendants' alleged failure to establish detrimental reliance. Here, the deposition of Thomas Bergdall, former General Counsel of HRA, upon which plaintiff relies exclusively, establishes that the only reason defendants continued to use the plaintiff's services after the fraud was suspected was the specific request by the United States Attorney for the Eastern District of New York, the FBI and the New York City Department of Investigation that defendant do so in order not to jeopardize their on-going criminal investigation of the plaintiff's illegal actions and in order to devise an alternative transportation plan. Additionally, it is well settled that a defrauded party to a contract may elect to either disaffirm the contract by a prompt rescission or stand on the contract and thereafter maintain an action at law for

damages attributable to the fraud *(Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 466-467).

Nor did the IAS Court err in denying plaintiff's motion pursuant to CPLR 3016 (b) to dismiss all the defendants' fraud based counterclaims for failure to plead the essential elements thereof with the requisite particularity. A review of the record reveals that the misconduct complained of was set forth in sufficient detail to clearly inform the plaintiff of the circumstances constituting the alleged fraud *(Lanzi v Brooks,* 43 NY2d 778, 779). In assessing the adequacy of the pleadings, the court was permitted to consider not only the counterclaims themselves, but also the affidavits and other extensive evidence proffered in opposition to the motion to dismiss, which here included the affidavits of representatives of the FBI and of the New York City Department of Investigation, as well as the certificates of conviction of twenty-five of the plaintiff's drivers, in determining whether defendants have a cause of action, rather than merely whether a cause of action has been stated *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275).

In any event, as recognized by the Court of Appeals in *Jered Contr. Corp. v New York City Tr. Auth.* (22 NY2d 187, 194), "[i]t is almost impossible to state in detail the circumstances constituting a fraud where those circumstances are peculiarly within the knowledge of the party against whom the [fraud claim] is being asserted", particularly where, as here, discovery has not been completed.

Finally, in granting the defendants' motion to dismiss the first four causes of action in the complaint seeking monetary damages for wrongful termination of the parties' contracts, the IAS Court properly determined that the causes of action were fatally deficient because the contracts in question had been terminated by letter, dated December 2, 1988, in accordance with the express provisions of the unconditional termination clause set forth in Article 11.1 of the contracts. A party has an absolute, unqualified right to terminate a contract on notice pursuant to an unconditional termination clause without court inquiry into whether the termination was activated by an ulterior motive *(A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369, 382; *Division of Triple T Serv. v Mobil Oil Corp.,* 60 Misc 2d 720, *affd* 34 AD2d 618). Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.