(December 28, 1998)

A.J. Temple Marble & Tile, Inc., Appellant, v Long Island Rail Road, Respondent. [682 NYS2d 422] —In an action to recover damages for breach of contract and tortious interference with contractual relations, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated April 14, 1997, as granted those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to recover damages other than those specified in the "Termination for Convenience" clause of the contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant entered into a contract for the plaintiff to provide cleaning services for Pennsylvania Station for three years. The defendant terminated the contract under the "Termination for Convenience" clause of the contract. The plaintiff brought this action to recover damages for breach of contract and tortious interference with contractual relations, alleging, *inter alia,* that the defendant had no reason to

terminate the contract. The defendant moved for summary judgment, and by order dated April 14, 1997, the Supreme Court, *inter alia*, granted those branches of the defendant's motion which were to dismiss so much of the complaint as sought to recover damages other than the damages specified in the "Termination for Convenience" clause of the contract.

Contrary to the plaintiff's contention, "[a] party has an absolute, unqualified right to terminate a contract on notice pursuant to an unconditional termination clause without court inquiry into whether the termination was activated by an ulterior motive" (*Big Apple Car v City of New York*, 204 AD2d 109, 111; *see also, Division of Triple T. Serv. v Mobil Oil Corp.*, 60 Misc 2d 720, *affd* 34 AD2d 618). Accordingly, it was proper for the Supreme Court to grant that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, which sought to recover damages, *inter alia*, for breach of contract and breach of an implied duty of good faith and fair dealing.

Furthermore, the Supreme Court properly dismissed the plaintiff's third cause of action, which alleged that the defendant had tortiously interfered with the parties' contract, and that part of the second cause of action which sought to recover damages other than the damages provided for in the "Termination for Convenience" clause of the contract (*see, Temple Marble & Tile v Long Is. R. R.*, 256 AD2d 527 [decided herewith]). As to the tortious interference claim, the plaintiff alleged that the defendant intentionally and improperly terminated the contract for the purpose of injuring it. However, as noted above, the defendant's termination of the contract was valid (*see, Shi-Hyong Moon v Southside Hosp.*, 248 AD2d 523). Moreover, the plaintiff cannot sue the defendant for tortious interference with a contract between the plaintiff and the defendant (*see, Ryan v Brooklyn Eye & Ear Hosp.*, 46 AD2d 87). As to the second cause of action, the plaintiff alleged, in part, that the defendant's wrongful refusal to pay its costs caused the plaintiff to sustain injury to its business reputation and prevented it from bidding on future contracts. However, in response to the defendant's proof, the plaintiff failed to demonstrate that these damages were the "natural and probable" outcome of the defendant's late payment, if any, of costs payable under the contract (*see, Lee Mfg. v Chemical Bank*, 186 AD2d 548, 551; *MacArthur Constr. Corp. v Coleman*, 91 AD2d 906). Mangano, P. J., Miller, Thompson and Pizzuto, JJ., concur. [*See*, 172 Misc 2d 422.]