■ A.J. Temple Marble & Tile, Inc., Respondent, v Long Island Rail Road, Appellant. [682 NYS2d 873] —In an action to

recover damages for breach of contract and tortious interference with contractual relations, the defendant appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), entered September 10, 1997, as, upon granting the plaintiff's motion for reargument of the defendant's motion for summary judgment, which motion was decided by an order of the same court, dated April 14, 1997, "recalled and vacated" that part of the order dated April 14, 1997, which granted that branch of the defendant's motion for summary judgment which was to dismiss so much of the plaintiff's complaint as sought recovery of damages for loss of anticipated profits under the second cause of action, and thereupon denied that branch of the motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court, *inter alia*, granted those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to recover damages other than the damages specified in the "Termination for Convenience" clause of the contract (*see, Temple Marble & Tile v Long Is. R. R.*, 256 AD2d 526 [decided herewith]). Upon granting the plaintiff's motion for reargument of that motion, the Supreme Court, among other things, "recalled and vacated" so much of the prior order as, in effect, dismissed the plaintiff's cause of action to recover damages for loss of anticipated profits.

Paragraph 27.1 of the contract provides that upon a termination for convenience the plaintiff waives its claim of anticipated profits. However, Paragraph 27.5 of the contract provides that the defendant will pay the plaintiff for loss of anticipated profits. Thus, the contract is ambiguous as to this issue and the Supreme Court must rely on extrinsic evidence to discern the intent of the parties (*see, Katz v Katz*, 118 AD2d 626). Here, the defendant never submitted any extrinsic evidence supporting its interpretation of the contract. Consequently, the Supreme Court correctly concluded that the defendant failed to sustain its burden as the moving party, and its summary judgment motion as to this issue was properly denied. Mangano, P. J., Miller, Thompson and Pizzuto, JJ., concur. [*See,* 172 Misc 2d 422.]