834 So.2d 873 (2002)
AVATAR DEVELOPMENT CORPORATION, a Florida corporation, Appellant,
v.
De PANI CONSTRUCTION, INC., a Florida corporation, Appellee.
No. 4D01-3249.
District Court of Appeal of Florida, Fourth District.
November 6, 2002.
Rehearing Denied February 7, 2003.
*874 John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Robert E. Ferencik, Jr. of Ferencik, Libanoff, Brandt and Bustamante, P.A., Fort Lauderdale, for appellee.
DAVIDSON, LISA, Associate Judge.
Avatar Development Corporation (Avatar) is the developer of Harbor Islands, a residential community in Hollywood, Florida. Avatar entered into a contract with De Pani Construction, Inc. (De Pani), a stucco contracting company, for De Pani to perform stucco work on various parts of the development. On March 22, 1995, the parties executed a Master Construction Contract (Master Contract) which set forth the parties' obligations. The Master Contract contained a termination clause, Article 67, which provided in pertinent part:
67.1 The Company [Avatar] may terminate this Agreement at any time for any reason by giving at least ten (10) days prior written notice.
67.2 Upon any termination of this Agreement, the Contractor [De Pani] shall be entitled to payment for work finished, installed or in process which is acceptable to the Company.
67.3 The Contractor, upon termination of the Agreement, shall forthwith peaceably and quietly surrender to the Owner all premises, facilities, machinery and equipment furnished to or belonging to the Owner.
67.4 Notwithstanding the above, the Owner at its discretion shall have the right to require Contractor to complete any or all work underway which is subject to a notice to proceed.
In an effort to expand De Pani's work on the Harbor Islands project, the parties entered into four subsequent addenda to the Master Contract. Each addendum contained the following clause:
All of the terms and conditions of the Master Construction Contract Agreement which do not directly conflict with the above shall remain of full force and effect and be incorporated in this Addendum.
*875 In Addenda 3 and 4, the following clause was added:
All of the above mentioned prices shall stay in full force and effect until December 31, 1997. The Contractor and the Owner will mutually agree upon any changes to the above mentioned prices, if required. This Agreement shall automatically renew for one (1) additional year unless written notice is received by the Owner from the Contractor thirty (30) days prior to its expiration.
On September 17, 1997, Avatar notified De Pani by letter that, pursuant to Article 67 of the Master Contract, it had decided to terminate the Master Contract and all addenda ten days from the date of the letter. De Pani filed suit against Avatar seeking to foreclose on a construction lien[1] (Count I), requesting damages for breach of contract (Count II), and for declaratory relief asking the court to determine whether the termination provisions of Article 67 were modified by the addenda to eliminate Avatar's right to terminate De Pani without cause (Count III).
The trial was bifurcated and the parties agreed to present the issues contained in the count for declaratory relief to the trial judge. In the Order on Count for Declaratory Relief, the trial judge ruled in favor of De Pani. Specifically, the lower court determined that: (1) the specific language in the addendum controlled over the general rights for termination in the Master Contract; (2) an ambiguity existed between Article 67 in the Master Contract and the language of Addenda 3 and 4; (3) the ambiguity must be resolved against Avatar; (4) the unilateral, termination provision contained in Article 67 was illusory and unfair because it lacked in mutuality of obligation; (5) Avatar violated the implied covenant of good faith; and (6) Avatar was precluded by equitable principles from exercising the termination provision of Article 67. We find that the case must be reversed on the claim for declaratory relief.
Article 67 is a valid and enforceable unilateral termination clause as it required Avatar to provide "at least ten (10) days prior written notice," which constituted sufficient consideration. See Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock, 735 So.2d 530 (Fla. 4th DCA 1999). Moreover, the termination clause contained in Article 67 of the Master Contract and the language of Addenda 3 and 4 do not conflict. Rather, the two clauses create mutuality of termination. The language in Addenda 3 and 4 permits De Pani to avoid the contract in the event that the price term is rendered onerous by the passage of time. If the price term does become onerous, then De Pani can terminate the contract by providing 30 days notice. Avatar needed no similar escape clause in the event of declining prices because it already had its rights under Article 67. Even if there was no mutuality of termination, Florida courts have upheld the unilateral right of one party to cancel a contract as long as consideration exists. See Rollins Servs. v. Metro. Dade County, 281 So.2d 520 (Fla. 3d DCA 1973); see also Murry v. Zynyx Mktg. Communications, Inc., 774 So.2d 714, 715 (Fla. 3d DCA 2000).
Each addendum provided for "all of the terms and conditions of the Master Construction Agreement" that do not directly conflict with the addenda to remain in full force and effect and be incorporated in the addenda. All terms in the Master Contract and addenda can co-exist without conflict; therefore, there is no need to elevate one provision over another. The *876 subsequent addenda, which contained prices fixed for a period of time, provided a term of years for the addenda and included an automatic renewal provision, did not modify or eliminate the termination provision in Article 67.[2]
The trial judge found that Avatar violated the implied covenant of good faith and fair dealing in terminating the contract pursuant to Article 67. However, the covenant of good faith cannot be used to create a breach of contract on Avatar's part, where there was no breach of any express term of the contract. As this Court explained in Indian Harbor Citrus, Inc. v. Poppell, 658 So.2d 605 (Fla. 4th DCA 1995), an implied covenant of good faith cannot be used to vary the unambiguous terms of a written contract and when parties negotiate "a fully specified, unambiguous contract, this court is not at liberty to change their bargain." Id. at 607. The "duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." Hosp. Corp. of Am. v. Fla. Med. Ctr., Inc., 710 So.2d 573, 574 (Fla. 4th DCA 1998). The language of Article 67 was plain and unambiguous: Avatar could terminate the contract at any time for any reason. It was a valid contract with an enforceable termination clause. Avatar complied with the terms of Article 67 in the Master Contract when it terminated De Pani. Avatar's ulterior motive for De Pani's termination has no relevance as Article 67 of the Master Contract provided Avatar with the right to terminate De Pani at any time. See A.J. Temple Marble & Tile, Inc. v. Long Island R.R., 256 A.D.2d 526, 682 N.Y.S.2d 422 (N.Y.App.Div.1998). Florida law required nothing more of Avatar.
REVERSED and REMANDED.
POLEN, C.J. and STONE, J., concur.
NOTES
[1] This count was subsequently settled and voluntarily dismissed.
[2] The interpretation of a contract is a matter of law for the court, and is therefore a subject of de novo review. DEC Elec., Inc. v. Raphael Constr. Corp., 558 So.2d 427, 428 (Fla.1990); Gilman Yacht Sales, Inc. v. FMB Inv., Inc., 766 So.2d 294, 296 (Fla. 4th DCA 2000). "In construing a contract, the legal effect of its provisions should be determined from the words of the entire contract." Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock, 735 So.2d 530, 535 (Fla. 4th DCA 1999). "All the various provisions of a contract must be so construed, if it can reasonably be done, as to give effect to each." Paddock v. Bay Concrete Indus. Inc., 154 So.2d 313, 315 (Fla. 2d DCA 1963). In the event that the language of a contract is clear and unambiguous, the court will enforce such contract according to its terms. Id. at 316.