■ CANTOR FITZGERALD ASSOCIATES, L.P., Appellant, v TRADITION NORTH AMERICA, INC., Respondent. [749 NYS2d 249] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered October 9, 2001, which granted defendant's motion for summary judgment and dismissed the complaint, unanimously affirmed, with costs.

The court properly granted summary judgment dismissing plaintiff's tortious interference with contract claim. An essential element of such a claim is that the breach of contract would not have occurred but for the activities of the defendant (*Michele Pommier Models, Inc. v Men Women NY Model Mgt., Inc.*, 173 F3d 845; *see also* Restatement [Second] of Torts § 766). In this case, three of plaintiff's employees breached their employment contracts and went to work for defendant, and defendant had knowledge of the contracts. However, the evidence submitted clearly established that the employees had become dissatisfied with their employment at plaintiff, were determined to breach their contracts and leave the employ of plaintiff, actively sought new employment prior to any involvement by defendant, and dictated the terms that they would require in order to work for defendant (*see id.*). The fact that defendant welcomed the breaching employees and agreed to their request for better terms of employment than those provided by plaintiff did not satisfy plaintiff's burden of establishing proximate causation (*compare Gold Medal Farms v Rutland County Coop. Creamery*, 9 AD2d 473). Accordingly, the court correctly found that there was no triable issue of fact as to whether defendant induced any of the breaches.

Since plaintiff's unjust enrichment cause of action was based primarily on the allegations that defendant tortiously interfered with the employment contracts, it was also properly dismissed.

We have considered and rejected plaintiff's remaining arguments. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.