█ STEVEN ROMBOM, Also Known as STEVEN RAMBAM, et al., Respondents, v A.J. WEBERMAN et al., Appellants. [766 NYS2d 88] —In an action, inter alia, to recover damages for defamation, the defendants appeal (1) from a judgment of the Supreme Court, Kings County (Jones, J.), entered March 27, 2002, which, upon a jury verdict, is in favor of the plaintiffs and against them in the total sum of $851,000, and (2), as limited by their brief, from so much of an order of the same court dated June 13, 2002, as denied their motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict on the issue of liability and granted that branch of the plaintiffs' cross motion which was for a permanent injunction to the extent of "directing the defendants to remove any and all published statements about plaintiffs and plaintiff Rombom's family from their web sites * * * found by the jury to have been libelous, and to the extent possible, from all mirror [s]ites upon which defendants caused those statements to be published, and prohibiting defendants from publishing any statements about plaintiffs and plaintiff Rombom's family found by the jury to have been libelous."

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' cross motion which was for a permanent injunction to the extent of "directing the defendants to remove any and all published statements about plaintiffs and plaintiff Rombom's family from their web sites * * * found by the jury to have been libelous, and to the extent possible, from all mirror [s]ites upon which defendants caused those statements to be published, and prohibiting defendants from publishing any state-

ments about plaintiffs and plaintiff Rombom's family found by the jury to have been libelous" and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant A.J. Weberman created and maintained three Web sites on the Internet which displayed statements pertaining to the plaintiff Steven Rombom. The defendant Mordechai Levy contributed material concerning Rombom to Weberman that was placed on one of the Web sites. Weberman and Levy were members of the defendant Jewish Defense Organization, Inc. The plaintiffs commenced the present action, inter alia, to recover damages for defamation, and for a permanent injunction preventing further publication of the alleged defamatory material on the Web sites. Following a trial, the jury returned a verdict in favor of the plaintiffs and against the defendants, and awarded compensatory and punitive damages to the plaintiffs.

After judgment was entered, the defendants moved to set aside the verdict. The plaintiffs cross-moved for a permanent injunction. The Supreme Court denied the defendants' motion in its entirety, and granted that branch of the plaintiffs' cross motion which was for a permanent injunction to the extent of "directing the defendants to remove any and all published statements about plaintiffs and plaintiff Rombom's family from their web sites * * * found by the jury to have been libelous, and to the extent possible, from all mirror [s]ites upon which defendants caused those statements to be published, and prohibiting defendants from publishing any statements about plaintiffs and plaintiff Rombom's family found by the jury to have been libelous."

The Supreme Court erred in granting that branch of the plaintiffs' cross motion which was for a permanent injunction to the extent of directing the defendants, inter alia, to remove from the subject Web sites any and all published statements about the plaintiffs which the jury found to be libelous. Absent extraordinary circumstances, injunctive relief should not be issued in defamation cases (*see Metropolitan Opera Assn. v Local 100, Hotel Empls. & Rest. Empls. Intl. Union,* 239 F3d 172, 177 [2001]; *see also Jordan v Metropolitan Life Ins. Co.,* 280 F Supp 2d 104 [2003]). No such extraordinary circumstances are present here.

The defendants' remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.