■ BROOKLYN HISTORIC RAILWAY ASSOCIATION et al., Appellants, v CITY OF NEW YORK et al., Respondents. [7 NYS3d 152]—

In an action, inter alia, to recover damages for fraud, breach of contract, and tortious interference with contractual relationships, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash,

J.), dated October 24, 2012, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first, third, fourth, fifth, seventh, and eleventh through fourteenth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1986, the City of New York granted the Brooklyn Historic Railway Association (hereinafter the BHRA), a not-for-profit organization, "consent to maintain and use" an abandoned railroad tunnel near Atlantic Avenue in Brooklyn (hereinafter the tunnel). The "consent" was "revocable at any time" and was not to extend beyond a term of 10 years, at which point the BHRA could petition for renewal or discontinuance. In 1997 the BHRA petitioned for renewal of this "revocable consent," and in 1998 renewal was granted. The 1998 "revocable consent agreement" specified, among other things, that the consent was "revocable at any time," that the BHRA was acquiring "no right, title or interest" in the space, and that the City could "unconditionally revoke [the] consent and terminate the period thereof at any time without liability, at will, any provision herein to the contrary notwithstanding." In 2007 the BHRA again petitioned for a renewal of its "revocable consent," and in 2008 renewal was granted. The 2008 "revocable consent agreement" contained the same conditions regarding the rights conveyed and the City's right to revoke. In 2010 the City revoked the BHRA's consent to use the tunnel.

As part of a separate project, the BHRA sought to bring a "moving trolley museum" to Brooklyn. In 2000, the BHRA and the City entered into a "revocable consent agreement" permitting the BHRA to construct a trolley line and use it for the museum, pursuant to certain conditions. As set forth in the 2000 revocable consent agreement, the City's consent for the BHRA to construct and use the trolley line was "revocable at any time." The agreement further specified, inter alia, that the BHRA was acquiring "no right, title or interest" in the space and that the City could "unconditionally revoke this consent and terminate the period thereof at any time without liability, at will, any provision herein to the contrary notwithstanding." The BHRA's consent to construct and use the trolley line was revoked in 2003.

In 2011, the BHRA and Robert Diamond, the BHRA's chairperson and founder, commenced this action seeking damages. The complaint set forth 15 causes of action, including causes of action to recover damages for fraud, breach of contact, conversion, and tortious interference with contractual rela-

tions. The defendants moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the first, third, fourth, fifth, seventh, and eleventh through fourteenth causes of action, and the Supreme Court granted those branches of the motion. The plaintiffs appeal.

The Supreme Court properly granted the branch of the motion which was to dismiss the fourth cause of action, which alleges breach of contract with regard to the agreement granting the BHRA consent to use the tunnel. The clear and unambiguous language of the 2008 revocable consent agreement, which was in effect at the time consent was revoked, conclusively establishes that the City had the unconditional and unqualified right to revoke and terminate the consent agreement at any time, and, in effect, for any reason, without liability. Since the revocation was authorized by the express terms of the agreement, it did not constitute an actionable breach (*see Watermelons Plus, Inc. v New York City Dept. of Educ.*, 76 AD3d 973, 974 [2010]; *Elsaeidy v Guarino*, 2 AD3d 486, 486-487 [2003]; *Red Apple Child Dev. Ctr. v Community School Dists. Two*, 303 AD2d 156, 158 [2003]; *A.J. Temple Marble & Tile v Long Is. R.R.*, 256 AD2d 526, 527 [1998]; *Big Apple Car v City of New York*, 204 AD2d 109, 111 [1994]). As the documentary evidence utterly refutes the plaintiffs' allegations and establishes a defense as a matter of law, the branch of the motion which was to dismiss the fourth cause of action was properly granted (*see* CPLR 3211 [a] [1]).

The third and fifth causes of action, which are also to recover damages for breach of contract, both pertain to the agreement granting the BHRA consent to construct and use the trolley line. However, as the consent to construct and use the trolley line was revoked in 2003, and the instant action was not commenced until 2011, the Supreme Court properly granted the branch of the motion which was to dismiss those causes of action as time-barred (*see* CPLR 3211 [a] [5]). Contrary to the plaintiffs' contention, the doctrine of equitable estoppel is inapplicable to bar the statute of limitations defense as the plaintiffs did not allege any separate and subsequent act of wrongdoing that prevented them from timely bringing suit (*see Zumpano v Quinn*, 6 NY3d 666, 673-675 [2006]).

The eleventh cause of action is to recover damages for violation of due process, and the thirteenth cause of action is to recover damages for conversion and taking. These causes of action relate in part to the trolley line and the equipment associated with it, and in part to the tunnel. Like the third and fifth causes of action, the Supreme Court properly granted

those branches of the motion which were to dismiss the eleventh and thirteenth causes of action as time-barred insofar as they relate to the trolley line and the equipment associated with it (see CPLR 3211 [a] [5]). As with the third and fifth causes of action, the doctrine of equitable estoppel is not applicable (see *Zumpano v Quinn*, 6 NY3d at 674-675). To the extent that those causes of action relate to the agreement granting the BHRA consent to use the tunnel, as discussed above, the clear and unambiguous language of the 2008 revocable consent agreement conclusively establishes that the City had the unconditional and unqualified right to revoke and terminate the contract at any time, without liability. Since "[a] contract terminable without cause does not give rise to a protected property interest" (*Red Apple Child Dev. Ctr. v Community School Dists. Two*, 303 AD2d at 158), there can be no viable procedural due process claim and no viable claim of conversion. Accordingly, the Supreme Court properly granted those branches of the motion which were to dismiss the eleventh and thirteenth causes of action insofar as they pertain to the BHRA's consent to use the tunnel (see CPLR 3211 [a] [1]).

The first cause of action is to recover damages for fraud. " 'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages' " (*High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011], quoting *Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]). Here, the alleged misrepresentation concerned the nature of the rights conveyed in the applicable revocable consent agreements. However, as the documentary evidence utterly refutes the plaintiffs' allegations and conclusively establishes, as a matter of law, that the defendants did not misrepresent the nature of the rights conveyed by the revocable consent agreements, the Supreme Court properly dismissed the cause of action to recover damages for fraud (see CPLR 3211 [a] [1]).

Finally, the Supreme Court properly granted that branch of the motion which was to dismiss the seventh cause of action, which alleges tortious interference with a contract the BHRA had with National Geographic. "Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom"

(*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Here, while the plaintiffs alleged that they had a contract with National Geographic, and that the defendants knew about the contract, they did not allege that the defendants intentionally procured National Geographic's breach, or even that National Geographic did in fact breach the contract. Indeed, according to the complaint, performance of the contract was merely "delayed." As the plaintiffs did not allege an actual breach, or allege that performance was not possible, they failed to state a cause of action for tortious interference of their contract with National Geographic (*see* CPLR 3211 [a] [7]; *see generally Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.