■ KATERINA ARVANITAKIS, Appellant, v ROY LESTER et al., Respondents, et al., Defendant. [44 NYS3d 71]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Livote, J.), dated July 14, 2014, which granted the separate motions of the defendant Roy Lester and the defendants Paul Bibbo and Nadine Lugo pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff, Katerina Arvanitakis, is an attorney, and she represented the defendants Paul Bibbo and Nadine Lugo in a land use matter. Subsequently, Bibbo and Lugo commenced actions against Arvanitakis alleging, among other things, that she defrauded them in several real estate transactions. On September 9, 2013, Arvanitakis commenced this action against, among others, Bibbo, Lugo, and the defendant Roy Lester, an attorney with whom she was formerly associated professionally. Arvanitakis alleged in the complaint that Bibbo, Lugo,

and Lester made defamatory statements about her in June, July, August, and September 2012, and "through the present." Arvanitakis also alleged that Bibbo, Lugo, and Lester engaged in conduct constituting tortious interference with prospective business relations, tortious interference with contract, prima facie tort, injurious falsehood, misappropriation of confidential information, and conspiracy to commit defamation and misappropriation of confidential information. In addition to seeking damages for the alleged tortious conduct, Arvanitakis sought to enjoin Bibbo, Lugo, and Lester from continuing to engage in conduct that harmed her reputation as an attorney and her law practice in general. Bibbo and Lugo moved, and Lester separately moved, pursuant to CPLR 3211 (a) (1), (5) and (7), to dismiss the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and Arvanitakis appeals.

A cause of action alleging defamation is governed by a one-year statute of limitations, and accrues when the allegedly defamatory statements are originally uttered (*see* CPLR 215 [3]; *Melious v Besignano*, 125 AD3d 727, 728 [2015]). Here, the Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the defamation causes of action to the extent that they were predicated on alleged defamatory statements uttered on or before September 6, 2012 (*see Melious v Besignano*, 125 AD3d at 728). The defamation causes of action were not time-barred to the extent that they were predicated on alleged defamatory statements uttered on or after September 7, 2012 (*see* General Construction Law § 25-a [1]; *Matter of Birch Tree Partners, LLC v Zoning Bd. of Appeals of Town of E. Hampton*, 90 AD3d 749, 750 [2011]). Nonetheless, to the extent that the defamation causes of action were not time-barred, the court properly granted dismissal of them pursuant to CPLR 3211 (a) (7).

"The elements of a cause of action for defamation are a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se' " (*Salvatore v Kumar*, 45 AD3d 560, 563 [2007], quoting *Dillon v City of New York*, 261 AD2d 34, 38 [1999]). The complaint must set forth the particular words allegedly constituting defamation (*see* CPLR 3016 [a]), and it must also allege the time, place, and manner of the false statement and specify to whom it was made (*see Dillon v City of New York*, 261 AD2d at 38).

Here, to the extent that the complaint alleges that certain alleged defamatory statements were made "September 2012 through the present," those allegations, even as supplemented by the affidavit Arvanitakis submitted in opposition to the motions, were not sufficiently specific with respect to time. Accordingly, the Supreme Court correctly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the defamation causes of action as were predicated upon alleged statements made during such general time periods (*see Sirianni v Rafaloff*, 284 AD2d 447, 448 [2001]; *Dillon v City of New York*, 261 AD2d at 40). The court correctly granted dismissal of so much of the causes of action alleging defamation as were predicated on the remaining statements which were not subject to the statute of limitations, as those statements were either insufficiently pleaded, constituted nonactionable opinion, or were subject to the defense of qualified privilege (*see Mann v Abel*, 10 NY3d 271, 276 [2008]; *Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Weiner v Doubleday & Co.*, 74 NY2d 586, 593 [1989]; *Stillman v Ford*, 22 NY2d 48, 53 [1968]; *Neroni v Follender*, 137 AD3d 1336, 1338 [2016]; *Skarren v Household Fin. Corp.*, 296 AD2d 488, 489 [2002]).

The Supreme Court properly granted dismissal of the causes of action alleging tortious interference with business relations, tortious interference with contract, prima facie tort, injurious falsehood, and misappropriation of confidential information because they were inadequately pleaded (*see* CPLR 3211 [a] [7]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424-425 [1996]; *Brooklyn Historic Ry. Assn. v City of New York*, 126 AD3d 837, 840-841 [2015]; *AREP Fifty-Seventh, LLC v PMGP Assoc., L.P.*, 115 AD3d 402, 403 [2014]; *Katzap v Knickerbocker Vil., Inc.*, 100 AD3d 423, 425 [2012]; *2470 Cadillac Resources, Inc. v DHL Express [USA], Inc.*, 84 AD3d 697, 698 [2011]; *Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204, 204 [2002]; *Lesesne v Lesesne*, 292 AD2d 507, 509 [2002]; *DiSanto v Forsyth*, 258 AD2d 497, 498 [1999]; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 490 [1995]). Under New York law, conspiracy to commit a tort is not a separately cognizable cause of action from the underlying tort (*see Barns & Farms Realty, LLC v Novelli*, 82 AD3d 689, 691 [2011]; *American Baptist Churches of Metro. N.Y. v Galloway*, 271 AD2d 92, 101 [2000]). A cause of action alleging conspiracy to commit a tort stands or falls with the underlying tort (*see Barns & Farms Realty, LLC v Novelli*, 82 AD3d at 691; *American Baptist Churches of Metro. N.Y. v Galloway*, 271 AD2d at 101). Here, since the court properly granted dismissal of the causes of ac-

tion alleging defamation and misappropriation of confidential information, the court also properly granted dismissal of the causes of action alleging conspiracy to commit those torts (*see Dobies v Brefka*, 263 AD2d 721, 722 [1999]; *Savannah Bank v Savings Bank of Fingerlakes*, 261 AD2d 917, 918 [1999]; *cf. Perez v Lopez*, 97 AD3d 558, 560 [2012]). The court also properly granted dismissal of the cause of action seeking an injunction, as no extraordinary circumstances were alleged that would warrant injunctive relief (*see Rombom v Weberman*, 309 AD2d 844, 845 [2003]; *cf. Oseff v Scotti*, 130 AD3d 797, 800 [2015]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.