GLENDA GUTIERREZ, Appellant, v McGRATH MANAGEMENT SERVICES, INC., et al., Respondents. [59 NYS3d 52]—

Appeal from an order of the Supreme Court, Westchester County (Robert DiBella, J.), dated January 5, 2015. The order granted the motion of the defendant McGrath Management Services, Inc., and the separate motion of the defendants Vista on the Lake, Inc., Board of Managers of Vista on the Lake Condominium, and Francine Belloni, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Vista on the Lake, Inc., Board of Managers of Vista on the Lake Condominium, and Francine Belloni which were pursuant to CPLR 3211 (a) to dismiss the second cause of action and third cause of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants Vista on the Lake, Inc., Board of Managers of Vista on the Lake Condominium, and Francine Belloni, and one bill of costs to the defendant McGrath Management Services, Inc., payable by the plaintiff.

In July 2013, the plaintiff, an owner of a condominium unit at Vista on the Lake Condominiums, commenced this action against the defendants Vista on the Lake, Inc., Board of Managers of Vista on the Lake Condominium (hereinafter the Board), and Francine Belloni, the Vice President of the Board (hereinafter collectively the Vista defendants), as well as the defendant McGrath Management Services, Inc. (hereinafter McGrath). In the first cause of action, the plaintiff sought to recover damages for tortious interference with contractual relations against Vista on the Lake, Inc., and the Board, alleging that those defendants maliciously interfered with the contract between the plaintiff and her tenant. In the second cause of action, the plaintiff sought to recover damages for battery against Belloni. The third cause of action, to recover damages for housing discrimination in violation of the Federal Fair Housing Act (42 USC § 3601 *et seq.*), and the fourth cause of action, alleging defamation, were asserted against all of the defendants. McGrath moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and the Vista defendants separately moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. In the order appealed from, the Supreme Court granted both motions.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d 1040, 1040-1041 [2016]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sasidharan v Piverger*, 145 AD3d 814, 815 [2016]). "Where evidentiary material is submitted and considered on a motion to dismiss a

complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]). In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) on the ground that the action is barred by documentary evidence, "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Leon v Martinez*, 84 NY2d at 88; *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d at 1041; *Lucia v Goldman*, 68 AD3d 1064, 1065 [2009]).

Here, the Supreme Court properly granted that branch of the Vista defendants' motion which was to dismiss the cause of action to recover damages for tortious interference with contract for failure to state a cause of action. "Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *see Brooklyn Historic Ry. Assn. v City of New York*, 126 AD3d 837, 840 [2015]). Here, the complaint failed to allege that the plaintiff's tenant breached her contract with the plaintiff as a result of the actions of Vista on the Lake, Inc., and the Board (*see Bennett v State Farm Fire & Cas. Co.*, 137 AD3d 727, 729 [2016]; *Tuscan/Lehigh Dairies, Inc. v Beyer Farms, Inc.*, 136 AD3d 799, 803 [2016]).

However, the Supreme Court erred in granting that branch of the Vista defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the second cause of action, alleging battery against Belloni. "To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature" (*Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475, 475 [2005]; *see Thaw v North Shore Univ. Hosp.*, 129 AD3d 937, 938-939 [2015]). The complaint alleged that, on June 2, 2013, while the plaintiff and her family were at the pool area at Vista on the Lake Condominiums, the plaintiff

was "physically grabbed by the Defendant Belloni," "without provocation," and that shortly before being "physically attack[ed]," Belloni told the plaintiff that she was not allowed to be in the pool area because she was in arrears in her monthly maintenance payments. In addition, the complaint alleged that "Belloni caused to harm [sic] the Plaintiff by unlawfully grabbing [her] without provocation and/or consent." Accepting these facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint adequately stated a cause of action to recover damages for battery (see CPLR 3211 [a] [7]). Moreover, the evidence submitted by the Vista defendants did not conclusively establish a defense to this cause of action as a matter of law (see CPLR 3211 [a] [1]).

The Supreme Court also erred in granting that branch of the Vista defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the third cause of action to recover damages for housing discrimination in violation of the federal Fair Housing Act (42 USC § 3601 et seq.) insofar as asserted against them. That statute provides, in relevant part, that "it shall be unlawful . . . [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin" (42 USC § 3604 [b]). At the motion to dismiss stage, all that is required are sufficiently pleaded allegations that plaintiffs are part of a protected class and that defendants took actions against them that are forbidden by the Fair Housing Act on the basis of their membership in the protected class (see Boykin v KeyCorp, 521 F3d 202, 214-215 [2d Cir 2008]; Tuman v VL GEM LLC, 2017 WL 781486, *4, 2017 US Dist LEXIS 28140, *9 [SD NY, Feb. 27, 2017, No. 15 Civ 7801 (NSR)]). In this case, the complaint alleged, inter alia, that the Vista defendants discriminated against the plaintiff and her family "in an effort to prevent [them] from utilizing the facilities upon the common area," and that the Vista defendants had engaged in a pattern of discrimination against the plaintiff and her family because they are of Hispanic descent. Accepting these allegations as true, and affording the plaintiff the benefit of every possible favorable inference, the complaint adequately stated a cause of action to recover damages for housing discrimination in violation of the Federal Fair Housing Act (42 USC § 3601 et seq.) insofar as asserted against the Vista defendants.

However, the factual allegations in the complaint, even as amplified by the plaintiff's affidavit, were insufficient to state a

cause of action to recover damages for housing discrimination in violation of the Federal Fair Housing Act (42 USC § 3601 *et seq.*) insofar as asserted against McGrath. Therefore, the Supreme Court properly granted that branch of McGrath's motion which was pursuant to CPLR 3211 (a) to dismiss the third cause of action insofar as asserted against it.

Finally, the Supreme Court properly granted that branch of McGrath's motion, and that branch of the Vista defendants' separate motion, which were pursuant to CPLR 3211 (a) to dismiss the fourth cause of action, to recover damages for defamation insofar as asserted against each of them. "The elements of a cause of action for defamation are a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se' " (*Salvatore v Kumar*, 45 AD3d 560, 563 [2007], quoting *Dillon v City of New York*, 261 AD2d 34, 38 [1999]). "The complaint must set forth the particular words allegedly constituting defamation" (*Arvanitakis v Lester*, 145 AD3d 650, 651 [2016]; *see* CPLR 3016 [a]). Truth is an absolute defense to a defamation claim (*see Dillon v City of New York*, 261 AD2d at 39; *see Heins v Board of Trustees of Inc. Vil. of Greenport*, 237 AD2d 570, 571 [1997]).

Here, the complaint alleged that the plaintiff was "held up to public contempt, ridicule, disgrace, and prejudice" by the posting of certain notices at the condominium complex by the Vista defendants. However, the documentary evidence submitted by the Vista defendants utterly refuted the allegations in the complaint by demonstrating that the allegedly defamatory content in the notices was true, thereby conclusively establishing a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Schiffer v Tarrytown Boat Club*, 219 AD2d 704, 704 [1995]). Moreover, the complaint alleged that the notices were posted by the Vista defendants, not by McGrath. Accordingly, the complaint failed to state a cause of action to recover damages for defamation against either the Vista defendants or McGrath. Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.