Cohen v Cohen (2022 NY Slip Op 06107)

Cohen v Cohen

2022 NY Slip Op 06107

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-10662
 (Index No. 322/19)

[*1]Michael Cohen, appellant, 
v
Sarah Brysk Cohen, respondent.

Craig Stuart Lanza, Brooklyn, NY, for appellant.
Weinberg Zareh Malkin Price, LLP, New York, NY (John Fant, Seth Weinberg, and Omid Zareh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for abuse of process, defamation, and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated June 11, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, while the parties were in the process of dissolving their marriage, the defendant made reports to the police regarding the plaintiff's alleged physical and verbal behavior toward her. As a result of those reports, the plaintiff was arrested on two occasions and an order of protection was issued directing him to stay away from the defendant. Thereafter, the plaintiff commenced this action against the defendant, asserting causes of action alleging abuse of process, defamation, and malicious prosecution. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. In an order dated June 11, 2019, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
The Supreme Court properly granted dismissal of the cause of action alleging abuse of process pursuant to CPLR 3211(a)(7) for failure to state a cause of action. Accepting "the facts as alleged in the complaint as true," and according the plaintiff "the benefit of every possible favorable inference" (Leon v Martinez, 84 NY2d 83, 87), the complaint alleges that the defendant made a report to the police, resulting in the issuance of an order of protection, for the improper purpose of gaining an advantage in the parties' divorce litigation. "A malicious motive alone, however, does not give rise to a cause of action for abuse of process" (Curiano v Suozzi, 63 NY2d 113, 117). Rather, "[t]he gist of the action for abuse of process lies in the improper use of process after it is issued" (Hauser v Bartow, 273 NY 370, 373 [internal quotation marks omitted]). Here, since the complaint does not allege that the defendant made any improper use of the order of protection after it was issued, it fails to state a cause of action alleging abuse of process (see Curiano v Suozzi, 63 NY2d at 116-117; Hauser v Bartow, 273 NY at 375; Butler v Ratner, 210 AD2d 691, 692-693).
A cause of action alleging defamation is governed by a one-year statute of limitations, [*2]and accrues when the allegedly defamatory statements are originally uttered (see CPLR 215[3]; Arvanitakis v Lester, 145 AD3d 650, 651; Melious v Besignano, 125 AD3d 727, 728). Here, to the extent that the defamation cause of action is based on statements made to police officers that resulted in the plaintiff being arrested, the Supreme Court properly granted dismissal of that cause of action pursuant to CPLR 3211(a)(5) as time-barred, since the action was commenced more than one year after the statements were uttered. To the extent that the defamation cause of action is based on statements that may have been uttered within the limitations period, the court properly granted dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action, since the complaint fails to "set forth the particular words allegedly constituting defamation" (Arvanitakis v Lester, 145 AD3d at 651; see CPLR 3016[a]), and fails to "allege the time, place, and manner of the false statement[s] and specify to whom [they were] made" (Arvanitakis v Lester, 145 AD3d at 651; see Dillon v City of New York, 261 AD2d 34, 38).
Finally, the Supreme Court properly granted dismissal of the cause of action alleging malicious prosecution pursuant to CPLR 3211(a)(7) for failure to state a cause of action. "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (Broughton v State of New York, 37 NY2d 451, 457). Here, the complaint is defective with respect to the probable cause element, since it fails "specifically to plead facts sufficient to overcome the presumption of probable cause" (Hornstein v Wolf, 67 NY2d 721, 723; see Butler v Ratner, 210 AD2d at 693-694). Thus, the complaint fails to state a cause of action alleging malicious prosecution.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court