Michalczyk v Vesey (2025 NY Slip Op 51614(U))

[*1]

Michalczyk v Vesey

2025 NY Slip Op 51614(U)

Decided on October 14, 2025

Supreme Court, Suffolk County

Matthews, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 14, 2025
Supreme Court, Suffolk County

Mildred J. Michalczyk, Plaintiff,

against
Kevin Vesey, ALTICE USA, INC., News 12 Company a/b/a News 12 Long Island NEWS 12 LONG ISLAND, AND NEWS 12 NETWORKS, Defendants.

Index No. 612064/2024

Plaintiff's Attorney
Mildred J. Michalczyk, Esq.
16 Walnut Avenue East
Farmingdale, New York 11735
Defendants' Attorney
Davis, Wright, Tremaine, LLP
1251 Avenue of Americans 
21st Floor
New York, New York 10020

James F. Matthews, J.

Upon the following papers read on defendant News 12 Company d/b/a News 12 Long Island's (incorrectly sued herein as "News 12 Networks," "News 12 Long Island" and "Altice USA, Inc.") motion pursuant to CPLR §3211(a)(1), (a)(7), and (g) and Sections 76-a and 70-a of the New York Civil Rights Law to dismiss plaintiff's complaint, NYSCEF numbered 28 through 45, and upon due deliberation and consideration given to the foregoing papers, the motion is decided as follows.
Plaintiff commenced the instant action via summons with notice on May 15, 2024, filed a [*2]complaint on September 24, 2024, and subsequently an amended complaint on February 2, 2025, to recover damages for, inter alia, alleged defamation arising out of a news story broadcast by defendants (see NYSCEF #1, 20). Plaintiff alleges that on May 16, 2023, News 12 published a video broadcast about police activity in East Farmingdale, NY on the street where plaintiff lives, which broadcast plaintiff alleges was malicious and false. Plaintiff brings causes of action for, inter alia, defamation and negligent and intentional infliction of emotional distress.
Defendants now move on the pleadings to dismiss the complaint pursuant to CPLR §3211(a)(1), (a)(7), and (g), and New York Civil Rights Law §70-a and 76-a. In support of their motion, defendants submit a notice of motion, memorandum of law in support, affirmation in support with exhibits, and a reply memorandum of law; in opposition plaintiff submits an affirmation in opposition with exhibits, and memorandum of law. Upon requested and noticed oral argument before this Court, defendants' counsel appeared and argued on August 21, 2025.
Plaintiff's complaint arises from a News 12 story by reporter and named defendant Kevin Vesey. The report was regarding an incident where Suffolk County Police Department responded to a home in Farmingdale, New York where a person, not plaintiff, was subsequently taken into custody. Plaintiff alleges that this broadcast was "false" and that her home address in that location was shown without her permission (see NYSCEF #20 p.4-5). Plaintiff's complaint challenges the accuracy of certain statements in the reporting, such as that the suspect was "barricaded," "no one was injured" and "suspect was taken into custody" and further alleges that as a result of this "malicious" reporting, her reputation and business were harmed, and she suffered damages as a result.
A DVD recording of the News 12 story was submitted to and reviewed by the Court. The broadcast shows reporter, defendant Kevin Vesey, as he stands on a street in East Farmingdale and details a "tense standoff between police and a barricaded suspect [who was] arrested a little more than an hour ago." The video shows defendant Kevin Vesey standing across the street from what appears to be a home on a residential street. Defendant Vesey further describes the story as "part of an ongoing investigation" and notes that the "police did tell us" the information reported. The video, approximately two minutes long, was taken from some houses away, and depicts police officers around a home, and later an individual being removed by police from the home.
Defendants now move that plaintiff's claims fail as a matter of law for multiple reasons: plaintiff is not named, mentioned or referred to in the News 12 story at issue, actual malice cannot be established, and this matter is governed by New York's Strategic Lawsuits Against Public Participation ("SLAPP") law as a matter of public interest. Defendants move for dismissal pursuant to CPLR §3211(a)(7) arguing the complaint fails to state a cause of action, and pursuant to CPLR §3211(g) which controls a §3211(a)(7) motion in matters involving public participation which are subject to the Civil Rights Law. CPLR §3211(g) states that "the party responding to the motion must demonstrate that the cause of action has a substantial basis in law" and directs at (g)(2) that the "Court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the action or defense is based."
New York's anti-SLAPP laws are codified, as amended in 2020, in New York Civil Rights Law §70-a 76-a, which covers "any communication in a place open to the public or public forum in connection with an issue of public interest; or any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." As clearly enumerated in Civil Rights Law §76-a at (1)(d), "'public interest' [*3]shall be construed broadly and shall mean any subject other than a purely private matter." This Court has no doubt that the news story at issue involves a matter of public interest within the contemplation of the statute, as police activity was visibly underway in a public place (see Hayt v Newsday, 176 AD3d 787 [2d Dept 2019]; Pollnow v Poughkeepsie Newspapers, Inc. 107 AD2d 10 [2d Dept 1985]).
In order to establish a prima facie case of defamation, plaintiff must show that the publication is "of and concerning" her. "Although it is not necessary for the plaintiff to be named in the publication, they must plead and prove that the statement referred to them and that a person hearing or reading the statement reasonably could have interpreted it as such" (see Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86-87, 65 NE3d 35 [2016]). Accepting as true the allegations in the complaint, this Court finds that the story is not of and concerning plaintiff: she is not mentioned in the story, no name is given, and she is not shown or identified. Plaintiff is not the subject of the news story, whether or not her house is depicted in the same. The Court finds plaintiff's argument that a brief image of script lettering depicting "sixteen" in the news story, without more, without any indication that it is the correct or complete address, does not rise to the level of a substantial basis necessary to defeat the instant motion, as a reasonable person could not interpret the publication on its face as being "of and concerning" plaintiff.
In order to establish a prima facie case of defamation in this matter, plaintiff must also show actual malice. Civil Rights Law §76-a provides that "damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false." Plaintiff must demonstrate prima facie that defendant spoke with Amalice&commat, either through showing that the person who uttered the defamatory statement knew it was false or acted in reckless disregard of whether it was false or not, or by proving that the statement was motivated by spite or ill will (see Liberman v Gelstein,80 NY2d 429, 605 NE2d 344 [1992]). There must be "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication" (see St. Amant v Thompson, 390 US 727, 731 [1968]). Actual malice cannot be "inferred from factual allegations" (see Riversa v Timer Warner Inc., 56 AD3d 298, 298 [1st Dept 2008]). Plaintiff has not pled any specific allegations as to actual malice; conclusory, speculative allegations such as "reckless," "fake news" and "malicious intent" are legally insufficient to establish her claim. Certainly, the traditional defense to defamation also applies here in that "the documentary evidence utterly refuted the allegations in the complaint by demonstrating that the allegedly defamatory content was true, thereby conclusively establishing a defense as a matter of law" (see Gutierrez v McGrath Mgmt. Servs. Inc., 152 AD3d 498, 502 [2d Dept 2017]). This Court finds that plaintiff has not shown any allegations of malice rising to the level of a substantial basis as required to defeat the instant motion.
Plaintiff also pleads causes of action for negligent infliction of emotional distress and intentional infliction of emotional distress. These causes of action must be dismissed as duplicative of the tort causes of action as they rely on the same underlying facts and conduct as the underlying tort claim. The plaintiffs here may properly recover for the alleged emotional distress caused by their tort causes of action (see Brancaleone v Mesagna, 290 AD2d 467 at 468 [2002]; Sweeney v Prisoners' Legal Servs., 146 AD2d 1]). As a result, a separate cause of action for these claims does not lie.
Defendants also move pursuant to New York Civ. Rights Law §70-a(1)(a) for attorneys' fees. Under that statute, defendants are entitled to a mandatory award of attorneys' fees and costs upon the dismissal of a case pursuant to CPLR §3211(g) where "the action involving public petition and participation was commenced or continued without a substantial basis in fact and law." The Court notes that counsel for defendants contacted plaintiff, self-represented, on September 4, 2024, prior to the instant motion being filed, stating that defendants would seek attorneys' fees and costs associated with making this motion (see NYSCEF #30 p.2). Subsequent to that email, plaintiff filed an amended complaint to add negligence and intentional infliction of emotional distress claims, which fail as a matter of law for the reasons discussed above. The Court having found that CPLR §3211(g) dismissal is warranted, defendants are entitled to costs and fees (see Golan v Daily News, 77 Misc 3d 258 [NY Sup. Ct. 2022]; Aristocrat Plastic Surgery, P.C. v Silva, 206 AD3d 26 [1st Dept 2022]). Accordingly, it is
ORDERED that defendants' motion to dismiss is granted and the complaint is dismissed with prejudice; it is further
ORDERED that defendants shall file a fee application with this Court for the costs of making this motion, which must include billing records and an affirmation of reasonableness, by November 14, 2025. 
The foregoing constitutes the Decision and Order of the Court.
Dated October 14, 2025
Riverhead, New York
E N T E R
Hon. James F. Matthews, JSC